```
HAGERTY LAW pc
Robert J. Hagerty
714 East Main Street
Suite 2C
Moorestown, NJ  08057
(609) 304-7541
RJH1643
Attorney for Plaintiff
```

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAULINE BARTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIV ACTION No.1:13-cv-04592- |
| | : RMB-AMD |
| MID-ATLANTIC FLOORING | : |
| VENTURES, INC. d/b/a | : **BRIEF IN SUPPORT OF MOTION TO** |
| PROSOURCE OF SOUTH JERSEY AND | : **ALLOW APPLICATION FOR AN AWARD** |
| PROSOURCE OF  RARITAN CENTER, | : **OF PLAINTIFF'S ATTORNEY'S FEES** |
| AARON BAILEY, MARK GROSSMAN, | : **PURSUANT TO THE FAIR LABOR** |
| JOHN DOES, fictitious names | : **STANDARDS ACT AND FOR REMAND** |
| of individuals of an unknown | : **TO STATE COURT** |
| number, and ABC ENTITIES, | : |
| fictitious names of | : **Filed Electronically** |
| corporations, partnerships, | : |
| limited liability companies | : |
| or other entities of an | : |
| unknown number, | : |
| | : |
| Defendants | : |

**COMBINED PROCEDURAL HISTORY and STATEMENT OF FACTS**

Plaintiff Pauline Barton ("Barton") filed a complaint on June 25, 2013 in the Superior Court of New Jersey, Law Division, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and the wage payment

1

provisions of the New Jersey Wage and Hour Law ("Wage and Hour"). Defendants removed to this court on July 31, 2013. On August 22, 2013, plaintiff withdrew her collective action claims pursuant to the FLSA. Following a conference with the court, the first Scheduling Order was entered which provided a discovery end date of February 28, 2014.

In connection with her employment by defendant ProSource as a floor-covering salesperson, Barton had executed a non-competition agreement, which, by its terms, was set to expire April 2, 2014. On January 20, 2014, defendants claimed, through a cease and desist letter, that Barton was in violation of that agreement due to her employment at Camden Flooring and an allegation that she had solicited a ProSource customer. Barton did not concede that Camden Flooring was defendant's competitor, and she denied any solicitation. However, defendants had helpfully sent a cease and desist letter to Camden Flooring as well, and plaintiff's employment ended there on January 24, 2014.

At the defendants' urgent request, a conference call was held with the Court to discuss the grave economic threat plaintiff presented to defendants, despite the fact that plaintiff had not worked at Camden Flooring for over two weeks, and was not employed anywhere else. Following a conference call with the Court on February 11, 2014, an

amended Scheduling Order issued which permitted the filing of motions to amend the pleadings by March 14, 2014. Defendants moved on that date to amend their answer to include a counterclaim asserting violations of the non-competition agreement, seeking both monetary and equitable relief.

Simultaneous with the filing of the motion, defendants served a Rule 68 Offer of Judgment in the amount of $8,000.00 which stated, in pertinent part, that defendants "offer(ed) to allow judgment to be entered against them on all claims in the Complaint … for the total sum of eight thousand dollars ($8,000.00), *inclusive of the costs* of the action, *and reasonable attorney's fees* incurred through and including the date of the offer." On March 28, 2014, plaintiff timely accepted the offer of judgment.

Plaintiff now moves for an award of attorneys' fees pursuant to the FLSA. L. Civ. R. 54.2(a) provides that post-judgment applications for attorneys' fees are to be filed within thirty days of entry of judgment. Judgment was entered on April 3, 2014, so this application is timely. Fed. R. Civ. P. 54(d)(2)(c) provides that "(t)he court may decide issues of liability for fees before receiving submissions on the value of services." Plaintiff respectfully requests that said procedure be followed here. Plaintiff expects defendants will oppose this motion and it seems unfair to

3

burden them (and the court, for that matter) with review of two years' worth of time records should it prove unnecessary.

Last, plaintiff seeks the Court's ruling on whether plaintiff's acceptance of the Offer of Judgment has properly terminated this litigation and ended her ability to continue to pursue the additional unpaid wages she contends are due her. If she is not permitted to continue, that would appear to be in violation of N.J.S.A. 34:11-4.8. It would be very unusual for a Federal court to deprive a litigant of rights afforded her by State law.

## ARGUMENT

**POINT I. DEFENDANTS ATTEMPT TO FOLD PLAINTIFF'S ATTORNEY'S FEES INTO THEIR RULE 68 OFFER OF JUDGMENT IS A LEGAL NULLITY BECAUSE THE RULE ONLY AUTHORIZES THE INCLUSION OF A MONETARY JUDGMENT AND COSTS. UNLESS ATTORNEYS' FEES ARE INCLUDED IN THE DEFINITION OF COSTS IN THE UNDERLYING STATUTE, THEY DO NOT FALL WITHIN THE SCOPE OF RULE 68.**

Fed. Rule Civ. P. 68 provides, in pertinent part, that:

> (a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, *with the costs then accrued.* If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment. (Emphasis added)

An award of attorney fees under the Fair Labor Standards Act (FLSA) is not affected by operation of Rule 68. *See* Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir.), *cert.*

*denied*, 130 L. Ed. 2d 134, 115 S. Ct. 203 (1994); Dalal v. Alliant Techsystems, Inc., 182 F.3d 757, 760 (U.S. Dist. Ct. Colo. 1999); Haworth v. Nevada, 56 F.3d 1048, 1052 (9th Cir. Nev. 1995)(concluding that Rule 68 did not bar the plaintiffs from recovering reasonable attorney fees for services rendered in their FLSA action after the Rule 68 judgment offer was rejected and plaintiff's judgment was less than the offer.)

Unlike some fee-shifting statutes, such as § 1983 claims, the FLSA defines attorney fees separately from costs; "attorney's fee" and "the costs of the action" are expressly separate items under 29 U.S.C. § 216(b). Thus, a Rule 68 offer does not affect the trial court's award of attorney fees under § 216(b). See Marek v. Chesny, 473 U.S. 13, 43-44, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) (Brennan, J., dissenting) (noting that for "statutes that do not refer to attorney's fees as part of the costs (as is the case with § 216(b) of the FLSA). . . . where an action otherwise is governed by Rule 68, attorney's fees that are potentially awardable under these statutes are not subject to Rule 68 and instead are to be evaluated solely under the reasonableness standard. . . .")(emphasis added). Accordingly, unlike attorney fees in a §1983 action, attorney fees in an FLSA action are not shifted to a plaintiff who rejects a Rule 68

5

offer and then obtains a result less favorable than the Rule 68 offer. Logically then, if rejection of a Rule 68 offer and subsequently winning a judgment lower than the offer does not affect FLSA attorney fee awards, then acceptance of a Rule 68 offer in an FLSA matter can not, and does not, bar plaintiff's subsequent application for fees.

> **POINT II. IN THE ALTERNATIVE TO POINT I, DEFENDANTS FAILED TO EXPLICITLY INCLUDE PLAINTIFF'S REASONABLE ATTORNEYS' FEES AS INCLUDED IN ITS OFFER OF JUDGMENT, THEREFORE PLAINTIFF CAN MAKE AN APPLICATION TO THE COURT FOR AN AWARD OF REASONABLE ATTORNEYS' FEES.**

Under Rule 68, plaintiffs do not have the opportunity to make a counteroffer and are therefore "at their peril whether they accept or reject" the offer. Webb v. James, 147 F.3d 617, 621 (7th Cir. 1998). Because of the limited options a plaintiff is left with once a defendant makes a Rule 68 offer, courts have held that such offers will be strictly construed against the defendant. Sanchez v. Prudential Pizza, Inc., 709 F.3d 689, 694 (7th Cir. 2013); Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 296 F.3d 1238, 1244 (11th Cir. 2002).

"Rule 68 presents a trap for the unwary. This trap manifests itself most frequently when a defendant erroneously believes that an accepted Rule 68 offer of judgment finally resolves a civil action, only to be assessed substantial

6

attorney's fees and costs thereafter." <u>Lima v. City of Newark</u>, 658 F.3d 324, 326 (3rd Cir. 2011). In this case, defendants did not meet the exacting standards imposed in this Circuit for a Rule 68 Offer of Judgment to encompass plaintiff's attorneys' fees. Therefore, plaintiff now applies for them.

In <u>Lima</u>, the defendants tendered an Offer of Judgment which would allow "Judgment to be entered against these defendants in this action in the amount of $55,000.00 including *all of Plaintiff's claims for relief* against all defendants..." (emphasis added) The District Court denied plaintiff's application for attorneys' fees, concluding that: (1) the language "all of Plaintiff's claims" included attorneys' fees; (2) defendants' disclaimer of liability in the offer turned plaintiff into a "non-prevailing party" and; (3) defendants' statement in its accompanying email that "if accepted, this litigation will be resolved in its entirety" precluded further litigation as to whether plaintiff was a prevailing party. <u>Lima</u>, *supra*, at 328. The Third Circuit Court of Appeals reversed.

The Third Circuit rejected the District Court's reliance on the email which accompanied the email, instructing that reliance upon extrinsic evidence for the meaning of a Rule 68 offer is utterly inappropriate. "(I)t does not matter

7

whether the parties discussed the issue of attorney"s fees or believed the settlement agreement waived such a claim. All that matters is whether the agreement expressly stipulates that the prevailing party's claim for fees is waived. If it does not, then the claim survives." Lima at 331. (discussing non-Rule 68 settlement agreement).

In addition, the Lima court hel*d that "as a matter of law, it cannot be said that the ambiguous, catchall phrase 'all of Plaintiff's claims for relief' explicitly covers attorney's fees and costs."* Id. at 332 (emphasis in original)

Moreover, the Third Circuit rejected the defendants' inclusion of the phrase "[t]his ... is not to be construed as either an admission that any of the defendants are liable in this action, or that the Plaintiff has suffered any damage," as a denial of the plaintiff's status as a prevailing party so as to preclude a fee application. Id.

As a final note, the Lima court noted that many other circuits have adopted this same approach of requiring clear and unambiguous Rule 68 offers:

> Our sister courts of appeals have read Marek to require that a Rule 68 offer of judgment must explicitly state that costs are *included*; otherwise those costs must be determined by the court. *See* Nordby v. Anchor Hocking Packaging Co., 199 F.3d 390, 391–93 (7th Cir.1999) ("[A]mbiguities in Rule 68 offers are to be resolved against the offerors," but the instant offer—for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended

8

complaint" was unambiguous and therefore included costs and fees.); Webb v. James, 147 F.3d 617, 622 (7th Cir.1998) ("[T]he effect of Marek is clear. Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them. Where costs are defined in the underlying statute to include attorney's fees, the court may award fees as part of costs as well."); Erdman v. Cochise County, 926 F.2d 877, 879-81 (9th Cir.1991) (holding that a defendant's drafting error failing to explicitly include fees would be held against it and plaintiff could seek additional award of fees); Arencibia v. Miami Shoes, Inc., 113 F.3d 1212, 1214 (11th Cir.1997) ("The Supreme Court has held that when a Rule 68 offer is silent as to costs, the district court should award appropriate costs in addition to the amount of the offer.").

In Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the Supreme Court held that, in fee shifting cases where the applicable statute includes attorney's fees in the definition of "costs," then those fees are included as costs for purposes of Rule 68. Id. at 10. In those circumstances, defendants may make lump sum offers without allocations toward the claim or the costs. Id. at 6. Significant to the case at bar, the Court explained:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs....
> Id.

Thus, according to Marek, an offer of judgment must either explicitly state that costs (and presumably attorneys'

9

fees if the underlying statute does not define attorneys' fees as costs, as is the case with the FLSA) are included in the judgment or allocate an amount for them, otherwise, they are not included in the judgment and are to be set by the court. In this case, defendants' offer states that plaintiff can take judgment "for the total sum of eight thousand dollars ($8,000.00), *inclusive of the costs* of the action, *and reasonable attorney's fees* incurred through and including the date of the offer." By employing this language, defendants have failed to merge plaintiff's statutory right under the FLSA to seek attorneys' fees into the $8,000 judgment. The wording specifically *includes* costs in the $8,000.00, but not attorneys' fees. First, the insertion of the comma between the words "action" and "and" negates any construction of the language to have the word "inclusive" applicable to the attorney's fees component. This is so because the inclusion of the comma makes the second clause independent.[1] Second, the use of the phrase "reasonable attorney's fees" bespeaks an intent to have them set by the court, which is the ultimate, and only, decision maker as to what amount of attorneys' fees is reasonable.[2] Third, the

---

[1] ("Place a comma before (the word) "and" ... (when) introducing an independent clause." Strunk and White, The Elements of Style, Elementary Rule of Usage 4). If defendants contend the attorneys' fees clause is not independent, then the sentence is ambiguous and the same result obtains.

[2] Even if the entire $8,000.00 had been designated as attorneys' fees, it is quite doubtful that it constitutes a reasonable fee for two years of negotiation and litigation.

10

use of the word "and" implies that the "reasonable attorney's fees" are in addition to, or extra of, the $8,000.00 judgment which explicitly includes only costs.

Parties who choose to make Rule 68 offers must proceed cautiously.  The Federal courts almost uniformly impose a strict standard on drafters of Rule 68 offers.  In <u>Le v. University of Pennsylvania</u>, 321 F.3d 403 (3d Cir. 2003), the Third Circuit Court of Appeals noted the Supreme Court's finding that "[a]s long as the offer does not *implicitly* or explicitly provide that the judgment does not include costs an offer is valid and presumes the defendant will pay costs." <u>Id</u>. at 409 (citing <u>Marek</u>, 473 U.S. at 6, 105 S.Ct. 3012). Therefore, the Court held that "a Rule 68 offer of judgment 'for the total amount of $50,000, *plus* costs then accrued' unambiguously stated an offer of $50,000 *plus costs to be determined by the court* because the "plain language of the offer dictates the result..."  <u>Id</u>. Notably, the Third Circuit arrived at this conclusion even though another part of the offer stated that " 'the offer [of $50,000 plus costs] shall represent and fix the total liability of the [defendants] for any and all of plaintiff's loss, claims, damages, costs, attorneys' fees, or any other amounts or expenses recoverable, or potentially recoverable, in this action.' " <u>Id</u>.

11

The decision in Le compels the same result here. The defendants' contemplated judgment, by its plain language, is only inclusive of costs. There is no difference between stating "plus costs" as was done in Le, or "and attorneys' fees" – both are indicative of an element above and beyond, or in addition to, the offered judgment. Moreover, the phrasing of the Offer of Judgment in this case is further indicative of exclusion of attorneys' fees from the judgment: defendants offer "reasonable attorneys' fees," which are only set by the court. Just as the Le court inferred the phrase "to be determined by the court" to the costs in that Offer of Judgment, this court must infer the same phrase into defendants' offer of judgment. Moreover, the Le court reached its result notwithstanding the extensive follow-on phrase which purported to include every possible liability to the plaintiff, including attorneys' fees.

In short, defendants' Rule 68 offer failed to clearly and unequivocally include attorneys' fees in the $8,000.00 and plaintiff is authorized to apply to this court for an award of the same. A ruling to the contrary would be wholly inconsistent with Le.

**POINT III.  THIS CASE MUST BE REMANDED TO STATE COURT FOR FINAL DISPOSITION OF PLAINTIFF'S WAGE AND HOUR CLAIMS.  NOT DOING SO WILL VIOLATE PLAINTIFF'S RIGHTS AFFORDED HER BY N.J.S.A. 34:11-4.8.**

N.J.S.A. 34:11-4.8, <u>Dispute Over Wages</u>, provides as follows:

> a. In case of a dispute over the amount of wages, the employer shall pay, without condition and within the time set by this act, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies to which he might otherwise be entitled, including those provided under this act, as to any balance claimed.
>
> b. The acceptance by an employee of a payment under this section shall not constitute a release as to the balance of his claim and any release required by an employer as a condition to payment shall be in violation of this act and shall be null and void.

Throughout this litigation, plaintiff has consistently maintained that she has a claim of approximately $30,000.00 in unpaid wages.  Review of very recently provided, yet overdue, documentation suggests that plaintiff is due even more.  As provided by New Jersey State law, plaintiff has retained all remedies to pursue the approximately $22,000 (or more) which remain unpaid.  To preserve her claims, remand to the State court appears to be more appropriate than dismissal with prejudice.

**CONCLUSION**

For all of the foregoing reasons, plaintiff respectfully submits that she should be allowed to apply to the Court for her reasonable attorneys' fees and that this matter should be remanded to State court rather than being deprived of her statutory right to pursue payment of unpaid wages.

                                            **HAGERTY LAW pc**
                                            Attorney for
                                            Plaintiff


                                            _____/s/Robert J. Hagerty_
April 30, 2014                      By: Robert J. Hagerty