NOT FOR PUBLICATION                                    [Docket Nos. 27 & 28]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| PAULINE BARTON,<br><br>    Plaintiff,<br><br>        v.<br><br>MID-ATLANTIC FLOORING VENTURES INC. d/b/a PROSOURCE OF SOUTH JERSEY AND PROSOURCE OF RARITAN CENTER, et al.,<br><br>    Defendants. | Civil No. 13-4592 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

ROBERT J. HAGERTY
Hagerty & Bland-Tull Law LLC
714 East Main Street Suite 2C
Moorestown, NJ 08057
    Attorney for Plaintiff

IAN D. MEKLINSKY
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive
Building 3
Lawrenceville, NJ 08648-2311
    Attorney for Defendants

BUMB, United States District Judge:

On June 15, 2013, Plaintiff Pauline Barton ("Barton") filed a Complaint against Defendants Mid-Atlantic Flooring Ventures,

1

Inc. and Mark Grossman ("Defendants"), in the Superior Court of New Jersey, Law Division.  In her Complaint, Plaintiff alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and the wage payment provisions of the New Jersey Wage and Hour Law ("Wage and Hour").  On July 31, 2013, Defendants timely removed the action to this Court.

On March 14, 2014, Defendants filed a Motion to Amend their answer to assert a counterclaim.[1]  That same date, Defendants also served an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 (the "Offer of Judgment").[2]  Pursuant to the terms of the Offer of Judgment all defendants offered

> to allow judgment to be taken against them on all claims in the Complaint of Plaintiff Pauline Barton for the total sum of eight thousand dollars ($8,000), inclusive of the costs of the action, and reasonable attorney's fees incurred through and including the date of the offer.

---

[1] On August 22, 2013, Plaintiff consented to the Court's dismissal of her collective and class action claims [Docket Nos. 7 & 8].

[2] Federal Rule of Civil Procedure 68 provides, in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

2

[Docket No. 24].

    Plaintiff accepted the Offer of Judgment three days later, on March 28, 2014, by filing a Notice of Acceptance.  In connection with Plaintiff's acceptance, the parties signed and filed a Stipulation of Dismissal [Docket No. 26]. The Clerk of Court thereafter terminated this case pursuant to the Stipulation of Dismissal and Plaintiff's acceptance of the Offer of Judgment [Docket No. 24].  The Clerk of Court also entered a judgment in favor of Plaintiff in the amount of $8,000 and against Defendants.

    On April 30, 2014, Plaintiff filed the within motion seeking a statutory award of attorney's fees under the FLSA's prevailing party provision [Docket No. 27].  Plaintiff also moved to remand her Wage and Hour claim to state court. Defendants have opposed the motion on several grounds.  First, Defendants contend that Plaintiff's motion for attorney's fees is procedurally deficient under this Court's Local Civil Rule 54.2 ("Local Rule") and, therefore, should be denied.  Second, assuming the motion is not procedurally barred, Defendants argue that Plaintiff's motion for fees and remand is barred by the Offer of Judgment which conclusively settled the entire case as to all claims and attorney's fees.  Defendants also argue, in the alternative, that in the event the Court excuses Plaintiff's

failure to abide by the Local Rule and agrees with Plaintiff's interpretation of the Offer of Judgment, the Court should vacate the judgment under Federal Rule of Civil Procedure 60(b) and permit them to file their counterclaims [Docket No. 28].

The FLSA provides for an award of attorney's fees to a prevailing party under 29 U.S.C. § 216(b). Substantively, the parties do not dispute that Plaintiff was the prevailing party as a result of the Offer of Judgment and that the FLSA permits recovery of attorney's fees to the prevailing party. Rather, the parties dispute the terms of the Offer of Judgment. Plaintiff contends that the Offer of Judgment expressly permits her recovery of fees because the phrase "and reasonable attorney's fees incurred" was an independent clause, set off by a comma and therefore not included in the $8,000 offer.[3] Defendants counter that the Offer of Judgment limited

---

[3] Plaintiff is incorrect that the mere inclusion of a comma before the "and" renders the last phrase an "independent clause." An independent clause is one that can stand by itself – <u>i.e.</u>, is a simple sentence. Here, "*and reasonable attorney's fees incurred through and including the date of the offer*" is not a sentence as it lacks the requisite verb. Instead, if the parties intended the phrase "*inclusive of the costs of the action*" to limit or define the $8,000, which both parties agree they did, both commas are in error as "inclusive of the costs of the action" is a restrictive clause and no comma should be placed prior to a restrictive clause. Thus, the comma placed at the end of that clause is also in error. <u>See</u> Strunk and White, The Elements of Style, Elementary Rule of Usage 3).

Plaintiff's judgment to $8,000 <u>inclusive</u> of attorney's fees. At most, Defendants argue, the comma makes the Offer ambiguous and the Court should look to parole evidence. Specifically, the evidence of Defendants' transmittal letter that conveyed the Offer unequivocally stated that the $8,000 included attorney's fees. In essence, the placement of the commas in the Offer of Judgment is key to the parties' substantive arguments.

Defendants, however, urge the Court not to reach the substance of Plaintiff's motion because she failed to comply with the mandatory requirements of Local Rule 54.2. The Court agrees and turns first to this procedural argument.

<u>Local Rule 54.2</u>

Local Civil Rule 54.2 provides that in all actions in which a counsel fee is allowed by the Court or <u>permitted by statute</u>, an attorney seeking compensation for services . . . <u>shall</u> file within 30 days of the entry of judgment or order, unless extended by the Court, a motion for fees and expenses in accordance with L.Civ.R.7.1. The motion <u>shall</u> include any affidavits or other documents complying with 28 U.S.C. § 1746 setting forth the following:

(1) <u>the nature of the services rendered</u> . . . and other factors pertinent to the evaluation of the services rendered;

(2) <u>a record of the dates of services rendered</u>;

5

 (3) <u>a description of the services rendered</u> on each of such dates by each person of that firm including the identity of the person rendering the service and a brief description of that person's professional experience;

 (4) <u>the time spent in the rendering of each of such services</u>; and

 (5) <u>the normal billing rate for each of said persons</u> for the type of work performed.

L. Civ. R. 54.2(emphasis added).

Local Civil Rule 54.2 is similar to its federal counterpart, Federal Rule of Civil Procedure 54(d)(2)(B) which provides in relevant part:

 (B) *Timing and Contents of the Motion*. Unless a statute or a court order provides otherwise, the motion must:

  (i) be filed no later than 14 days after the entry of judgment;

  (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

  (iii) state the amount sought or provide a fair estimate of it; and

  (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Local Rule 54.2 modifies Federal Rule of Civil Procedure 54 in several respects. It extends the time for filing a motion to 30 days. The rule also sets forth with specificity the contents of the affidavit. <u>See</u> Allyn Z., Lite, New Jersey Federal

Practice Rules 263 (2014)(stating "L.Civ.R. 54.2(a) was amended in 2013 to clarify that both the motion for attorneys' fees and supporting documentation are to be filed simultaneously, within 30 days of the judgment.") Where a local rule does not conflict with an Act of Congress and the Federal Rules of Procedure, a district court is authorized to prescribe rules for the conduct of court business. <u>Planned Parenthood v. AG</u>, 297 F.3d 253, 259-60 (3d Cir. 2002)(citing Fed.R.Civ.P. 83(a)(1); 28 U.S.C. § 2701(a); <u>Anchorages Associates v. Virgin Islands Board of Tax Review</u>, 922 F.2d 168, 173 (3d Cir. 1990)). Indeed, Federal Rule 54(d)(2)(D) expressly provides that "[b]y local rule, the court may establish special procedures to resolve fee-related issues." Here, there is no conflict between the Local Rule and the Federal Rule.

     Despite the Local Rule's clear mandate – "the motion shall" - Plaintiff produced none of the required items to support her motion.  In fact, despite the Federal Rule's clear mandate – "the motion must" - Plaintiff failed to provide even the most minimal information such as the amount of fees she was seeking.  Plaintiff defends her failure to follow the rules based on Federal Rule 54(d)(2)(C), which provides that "[t]he court may decide issues of liability for fees before receiving

submissions on the value of services."[4]  Indeed, in her moving papers, Plaintiff asks this Court to decide this issue of liability first because she "expects defendants will oppose the motion and it seems unfair to burden them (and the Court, for that matter) with review of two years' worth of time records should it prove unnecessary."  [Docket No. 27-1, p. 4].

Plaintiff's proposition is troubling for several reasons.  While it is true that both the Local Rule and Federal Rule authorize a court to relax the rules, such circumstances are limited.  Under the Federal Rule, such option "may be appropriate in actions in which the liability issue is doubtful and the evaluation issues are numerous and complex."  Advisory Committee Note, 1993 Amendments.  Under the Local Rule, such circumstance may be where counsel fees are sought as sanctions.  This case, however, presents a routine fee application that does not appear to warrant the invocation of Local Rule 54.2(c) or Federal Rule 54(d)(2)(C).

---

[4] Although not cited by Plaintiff, the Local Rule similarly provides "[i]n appropriate circumstances, including but not limited to those where counsel fees are sought as sanctions in connection with discovery and other pretrial motions, the Judge or Magistrate Judge to whom the application is directed may order that any one or more of the items enumerated in L.Civ.R. 54.2(a) and (b) will not be required."  L.Civ.R. 54.2(c).

8

Moreover, because she was the prevailing party, Plaintiff's statutory right to attorney's fees under the FSLA is clear. Additionally, by Plaintiff's own submission, the Offer of Judgment expressly permits her recovery of attorney's fees. That should have ended the analysis and a straightforward, uncomplicated motion for attorney's fees should and could have been filed in compliance with the Local Rule. Yet, because she expected Defendants to oppose her application for attorney's fees, she did not submit the requisite documentation. However, fee applications are routinely opposed. It would be the unusual case where no opposition was filed. Indeed, if a plaintiff were automatically excused from Local Rule 54.2's requirements simply because she anticipated opposition, the exception would swallow the rule and Local Rule 54.2 would have little force.

Finally, the conduct of Plaintiff is troubling. It seems there are two possible scenarios to explain the motion that Plaintiff seeks to have this Court resolve. Either Plaintiff believed that she was entitled to the attorney's fees and the Offer of Judgment did not preclude her entitlement to fees <u>or</u> Plaintiff believed that the Offer of Judgment was meant to preclude recovery of further fees but was drafted inartfully to Plaintiff's benefit. Under the first scenario, as already discussed, the motion is straightforward, and Plaintiff should

9

have followed the rules.  Under the latter scenario, Plaintiff should have been more candid with the Court, as well as her adversary.  It was Plaintiff's counsel who appears to have first raised the significance of the second comma's placement in the Offer of Judgment.[5]  There is nothing before the Court that suggests that Defendants were aware that Plaintiff's position was, and is, that the attorney's fees were not included in the Offer of Judgment – <u>i.e.</u>, not part of the restrictive clause.  For weeks, Defendants counsel attempted to get Plaintiff's counsel to sign the Warrant of Satisfaction of Judgment, but was put off by Plaintiff until the within motion was filed.  [Docket No. 28, Defs.' Exs. I-N].  It was a "gotcha" moment accompanied by Plaintiff's unnecessary "lecture" to Defendants that Rule 68 is a "trap for the unwary"  <u>See</u> Pl.'s Br. at 6-7.  The tenor of Plaintiff's motion gives this Court great pause.  Moreover, Plaintiff's sole reason for failing to follow the rule was

---

[5] As set forth in footnote 3 above, it is not the placement of the second comma that is the sole grammatical problem; instead, both commas were added in error.  Instead, to effectuate the result urged by Plaintiff, the Offer should have read:
> to allow judgment to be taken against them on all claims in the Complaint of Plaintiff Pauline Barton for the total sum of eight thousand dollars ($8,000) that includes the costs of the action but excludes reasonable attorney's fees incurred through and including the date of the offer.

10

because she anticipated opposition based on the Offer of Judgment.  Why did she anticipate such opposition if the issue is as clear-cut as Plaintiff says it is? It seems Plaintiff herself had questions but still filed a "gotcha" type brief.  Accordingly, the Court will require a more detailed explanation as to why Plaintiff failed to follow the Local Rule.

If Plaintiff expects that Defendants should play by the "rules," so should she. It is within this Court's discretion whether it should overlook Plaintiff's failure to comply with Local Rule 54.2.  Accordingly, because this Court has serious concerns as to why Plaintiff failed to comply with the Local Rule's clear mandate it will require a more detailed explanation as to why Plaintiff failed to follow the Rule.  The Court may conduct a further hearing upon Plaintiff's submission of an affidavit of counsel explaining Plaintiff's tactics.

### Motion to Remand

Plaintiff also moves to remand her Wage and Hour Claims to state court.  Plaintiff argues that "[i]t would be very unusual for a Federal court to deprive a litigant of rights afforded her by State law." [Docket No. 27-1, p. 4].  This motion is patently frivolous.  The Offer of Judgment applied to "all

11

claims in the Complaint." As Plaintiff correctly states, Rule 68 is indeed a trap for the unwary. This motion is denied.

Conclusion

For the reasons set forth above, decision is reserved in part on Plaintiff's motion for attorney's fees and reserved as to Defendants' cross-motion to vacate the judgment. The Plaintiff shall submit an affidavit of counsel to this Court on the issues raised in this Opinion within ten (10) days. If Plaintiff no longer seeks to pursue the fees application, Plaintiff should inform this Court within that time frame. To the extent Plaintiff has moved to remand, that motion is denied for the reasons set forth herein.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2014