Hagerty & Bland-Tull Law LLC
Robert J. Hagerty
714 East Main Street
Suite 2C
Moorestown, NJ  08057
(609) 304-7541
RJH1643
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| PAULINE BARTON, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : CIV ACTION No.1:13-cv-04592-<br>: RMB-AMD |
| MID-ATLANTIC FLOORING | : |
| VENTURES, INC. d/b/a | : **CERTIFICATION IN LIEU OF** |
| PROSOURCE OF SOUTH JERSEY | : **AFFIDAVIT PURSUANT TO 28** |
| AND PROSOURCE OF RARITAN | : **U.S.C. § 1746 OF PLAINTIFF'S** |
| CENTER, AARON BAILEY, MARK | : **COUNSEL, ROBERT J. HAGERTY,** |
| GROSSMAN, JOHN DOES, | : **IN RESPONSE TO REQUEST** |
| fictitious names of | : **BY THE COURT** |
| individuals of an unknown | : |
| number, and ABC ENTITIES, | : **Filed Electronically** |
| fictitious names of | : |
| corporations, partnerships, | : |
| limited liability companies | : |
| or other entities of an | : |
| unknown number, | : |
| | : |
| Defendants | |

Robert J. Hagerty certifies that:

1. I am an attorney-at-law in the State of New Jersey, a member of the firm Hagerty & Bland-Tull Law LLC, and I represent the Plaintiff, Pauline Barton ("Barton") in this matter.

2.     I am fully familiar with the facts of this matter and I am authorized to make this Affidavit.

3.     I have been engaged in the private practice of law since 1985.  I was an associate with Parker McCay in Marlton, New Jersey from September 1985 through April 14, 1988.

4.     I joined Capehart & Scatchard, of Mount Laurel, New Jersey on April 15, 1988, and remained there until November 18, 2012, at which time I opened my own office, Hagerty Law pc, in Moorestown, New Jersey.  On August 18, 2014, my colleague from Capehart, LaTonya Bland-Tull and I formed a new firm, Hagerty & Bland-Tull LLC.

5.     I was an equity shareholder and Chair of the Employment Department for over a decade during my tenure at Capehart.

6.     Up until this case, my ethics and integrity have never been questioned by any court; not Federal, Superior, Appellate, administrative nor municipal.

7.     I have earned the highest rating for ethics and integrity from my peers, as established by my Martindale-Hubble rating of AV Preeminent.

8.     I strive to maintain the highest level of ethics and integrity.  Over the years, I have likely disappointed clients, friends and relatives by refusing to take any

actions which I believed were unethical under the Rules of Professional Conduct or against my principles of integrity.

9.    This Affidavit is made in response to the request of the Court in its opinion of December 4, 2014 ("Opinion"), in which the Court noted that it "has serious concerns as to why Plaintiff failed to comply with the Local Rule's clear mandate (and) it will require a more detailed explanation as to why Plaintiff failed to follow the Rule. The Court may conduct a further hearing upon Plaintiff's submission of an affidavit of counsel explaining Plaintiff's tactics." (Opinion, p.11)

10.   The Court further, and more broadly, directed that "Plaintiff shall submit an affidavit of counsel to this Court on the issues raised in this Opinion within ten (10) days. If Plaintiff no longer seeks to pursue the fees application, Plaintiff should inform this Court within that time frame." Id.

11.   I am mortified by the Court's apparent belief (or conclusion) that I have acted in any way that is dishonorable, unethical or less than candid toward Defendants' counsel or the Court.

12.   I have thoroughly reviewed the record and my actions, and I believe that I have not, in any way, been dishonorable, unethical, or less than candid toward Defendants' counsel or the Court, and I certainly hope the

Court will reach the same conclusion upon review of this Certification in Lieu of Affidavit.

13.    I am aware that in the normal course, affidavits and certifications do not contain legal argument.  In this instance, I can not provide the court with the explanation requested without reference to the controlling legal principles.

14.    In an effort to be thorough in response, this Affidavit will respond to the various portions of the Opinion I believe involve the issues raised therein.  Should counsel fail to address a point considered salient by the court, it is not intentional, and counsel stands ready to respond to any point which the Court deems overlooked.

15.    Plaintiff can not provide a meaningful, responsive explanation to the Court without setting forth the context of her motion, which follows.

16.    As set forth in her original brief in support of the motion, and in connection with her employment by defendant ProSource as a floor-covering salesperson, Plaintiff Pauline Barton had executed a non-competition agreement, which, by its terms, expired April 2, 2014.  On January 20, 2014, Defendants claimed, through a cease and desist letter, that Barton was in violation of that agreement due to her employment at an entity known as Camden Flooring and

an allegation that she had solicited a ProSource customer.
Barton did not concede that Camden Flooring was defendant's
competitor, and she denied any solicitation.  However,
Defendants had "helpfully" sent a copy of their January
20th cease and desist letter directly to Camden Flooring,
and Plaintiff's employment there quickly ended four days
later on January 24, 2014.

17.    Despite the apparent cause-and-effect between the
Defendants' letter to Camden Flooring and the Plaintiff's
termination of her employment there, the Defendants
urgently requested a conference call with the Court to
discuss the alleged grave economic threat Plaintiff (a
single mother with no significant tangible assets and no
other source of income) presented to Defendants, despite
the fact that Plaintiff had not worked at Camden Flooring
for over two weeks, and was not employed anywhere else.

18.    Following a conference call with the Court on
February 11, 2014, an amended Scheduling Order issued which
permitted the filing of motions to amend the pleadings by
March 14, 2014.  Defendants moved on that date to amend
their answer to include a counterclaim asserting violations
of the non-competition agreement (which had a remaining
life of nineteen days at that point, assuming it was
otherwise valid and enforceable) and seeking both monetary

and equitable relief.

19.   Simultaneous with the filing of the motion, Defendants served a Rule 68 Offer of Judgment in the amount of $8,000.00.

20.   Other than within the four corners of the document, and the entirely irrelevant cover letter which accompanied it[1], the Defendants did not communicate their intent with respect to the payment of statutory attorneys' fees to the Plaintiff.  Even if they had, such communication is entirely irrelevant to the analysis of the Rule 68 Offer of Judgment.  *See f.n. 1, infra*.

21.   Plaintiff's first notice of Defendants' Offer of Judgment and its terms occurred on the day of its service.

22.   Plaintiff had not invited nor requested that Defendants serve an Offer of Judgment.

23.   Plaintiff had no input into the drafting of the Offer of Judgment and therefore had no intent relating to the meaning of the Offer of Judgment.

24.   At the time of service of the Offer of Judgment,

---

[1] "(I)t does not matter whether *the parties discussed* the issue of attorney's fees *or believed the settlement agreement waived such a claim.* All that matters is whether the agreement expressly stipulates that the prevailing party's claim for fees is waived. If it does not, then the claim survives." Lima v. City of Newark, 658 F.3d 324, 331 (3rd Cir. 2011). "Extrinsic evidence of the parties' subjective intent is not admissible to determine whether a Rule 68 offer of judgment includes costs." Id.

Plaintiff's claim was far in excess of $8,000, more in the range of $25-30,000, possibly even more.  As noted in Plaintiff's motion, Plaintiff was unable to calculate her damages because Defendants claimed not to have certain relevant documents in their possession, even though they had been put on notice of Plaintiff's claim within a month of Plaintiff's discharge.

25.   A number of privileged communications ensued between Plaintiff and her counsel vis-a-vis acceptance or rejection of the Offer, culminating in acceptance of the Offer on the last possible day, March 28, 2014.[2]

26.   To provide the explanation requested by the Court, counsel must reveal his thoughts and mental impressions related to the legal issues presented by Defendants' unilateral Offer of Judgment.  These revelations are made without waiver of the work-product and attorney-client privileges.

27.   Legal research bore out the following:

(a) neither the Defendants' nor the Plaintiff's

---

[2] Although not clear as to whether it is material to the Court's perceptions here, the Opinion erroneously states that the Offer was accepted three days after service.  Opinion at p. 3.  It also bears noting that the Stipulation of Dismissal filed by the parties specifically dismissed only Defendants' nascent counterclaims.  Id.

intentions[3] regarding the meaning of the Offer of Judgment are relevant.  Lima v. City of Newark, 658 F.3d 324, 333 (3rd Cir. 2011), ("In interpreting a Rule 68 offer of judgment, courts must not consider extrinsic evidence or the intentions of the parties. Nor can they allow their awareness of such irrelevant facts to influence their interpretations of the plain language of the Offer.") (emphasis added);

(b) parol evidence of either (or both) parties' intended meaning[4] of the Offer of Judgment is irrelevant and inadmissible. Id.;

(c) an ambiguous Offer of Judgment will be construed against the defendant. Id. at 330, *citing* Nordby v. Anchor Hocking Packaging Co., 199 F.3d 390, 391-93 (7th Cir.1999) ("[A]mbiguities in Rule 68 offers are to be resolved against the offerors...")and Erdman v. Cochise County, 926 F.2d 877, 879-81 (9th Cir.1991) (...defendant's drafting error failing to explicitly include fees would be held against it...);

(d) Federal Rule of Civil Procedure 54(d)(2)(C), which governs fee petitions, provides that "[t]he court may decide issues of liability for fees before *receiving*

---

[3] Since the Plaintiff has no input into the wording, timing, amount, nor any other facet of an Offer of Judgment, Plaintiff can not be charged with any intention at all as to the meaning of the Offer of Judgment.
[4] See prior footnote.

*submissions* on the value of services." (emphasis added);

(e) Local Rule of Civil Procedure 54.2 provides that "in all actions in which a counsel fee is allowed by the Court or permitted by statute, an attorney seeking compensation for services . . . shall file within 30 days of the entry of judgment or order, *unless extended by the Court*, a motion for fees and expenses in accordance with L.Civ.R.7.1." (emphasis added);

(f) neither the Federal Rules nor the Local Rules require the Plaintiff to notify the defendant in advance of filing her motion for an award of fees of: (1) her conclusion that the wording of the Offer of Judgment fails to include attorneys' fees; (2) her intention to file a fee application; nor (3) her intention to request that the Court defer submission of the fee petition papers pending its decision on whether or not Defendants' Offer of Judgment has been worded as required by the applicable decisions of the Third Circuit Court of Appeals to include attorneys' fees.

28. Plaintiff was fully cognizant of the foregoing[5].

_____

[5] Except, perhaps, for the language in the Local Rule which specifically contemplates the option for a moving party's request that submission of the fee application itself be deferred, pending the Court's determination of whether the Offer of Judgment encompasses fees or not. Plaintiff did not reference this language in her original moving papers, believing that the provision in the Federal Rules was, in and of itself, a sufficient basis to allow Plaintiff to move that

However, Plaintiff was also cognizant of the very real possibility that Defendants would oppose her application for a determination that the Offer of Judgment was not written in conformity with the mandates of the Third Circuit Court of Appeals and the Offer therefore did not include Plaintiff's attorneys' fees as a prevailing party under the FLSA.

29.    Plaintiff courteously, considerately--and in compliance with the applicable Federal and Local Rules of Civil Procedure--requested deferral of the submission of the fee petition papers themselves, pending the Court's decision on the question whether Defendants had drafted their Offer of Judgment to include Plaintiff's attorney fee claim.

30.    Defendants opposed Plaintiff's motion and additionally cross-moved to vacate the judgment and permit Defendants to file their proposed amended answer and counterclaim.

31.    Plaintiff filed opposition to the Defendants' Cross-Motion and a Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File.  All motions were fully briefed by May 28, 2014.

32.    On October 10, 2014, the Court notified the parties

---

the submission of the documentation of the fees sought be deferred.  Nonetheless, Plaintiff did point out, and emphasize, this language in her reply to Defendants' opposition to her motion.

that oral argument on the motions would be heard on October 24, 2014, which date was subsequently changed at Defendants' request to October 27, 2014.

33.  At the oral argument, the Court's principal expressed concern and question for both counsel was whether parol evidence was admissible to determine the parties' intent and whether a hearing should be conducted to determine the parties' intent.

34.  Little or no mention was made of Plaintiff's failure to include her fee petition with her original motion, nor were Plaintiff's counsel's ethics or tactics questioned by the Court.

35.  In fact, the Court instructed supplemental briefing of the parol evidence issue, and nothing more.[6]

36.  Three days later, on October 30, 2014, the Court withdrew its request for supplemental briefing on the parol evidence issue.

---

[6] At oral argument, both the Court and Defendants maintained that there is a wealth of case law supporting the proposition that parol, or extrinsic, evidence is admissible to interpret an ambiguous Rule 68 Offer of Judgment.  While this may be true of negotiated contracts, it does not appear to square with Lima v. City of Newark, 658 F.3d 324, 333 (3rd Cir. 2011), ("In interpreting a Rule 68 offer of judgment, courts must not consider extrinsic evidence or the intentions of the parties. Nor can they allow their awareness of such irrelevant facts to influence their interpretations of the plain language of the Offer.") (emphasis added).

37.   On December 4, 2014, the Court issued an Opinion which, among other things, appears to question Plaintiff's counsel's ethics and integrity, and requests this Affidavit of explanation.

38.   By way of responsive explanation, and, as noted above, Plaintiff did not include these seemingly mandated items because the applicable Federal Rule of Civil Procedure allows for resolution of the question of *whether* defendant is liable for attorney's fees "before receiving submissions on the value of services."  The only way the court can resolve the question of whether the defendant is liable for attorney's fees before receiving submissions on the value of services is precisely by the route requested by Plaintiff's counsel here: a motion to determine defendant's liability for fees prior to submission of the documents relating to the value of the services rendered.

39.   The Court, of course, is not required to *agree* to Plaintiff's request--it obviously may require Plaintiff to submit all of the information set forth in the Local Rule[7]

---

[7] Although the Court had not instructed her to do so, Plaintiff planned to submitting herewith the documentation and supporting brief required by the Local Rule in support of her fee claim.  Although on grounds different from those advanced by Plaintiff, the Court appears to conclude that the Offer of Judgment is ambiguous, Opinion, p.4, f.n. 3, in which case Plaintiff respectfully submits that it is to be construed against Defendants, *supra*.  Due to personal circumstances

prior to a final decision on the motion.

40. Plaintiff also respectfully disagrees with the Court's conclusion that the Federal Rule of Civil Procedure and the Local Rule are entirely consistent, assuming that the Local Rule actually makes submission of all documentation supporting the fee claim mandatory (Plaintiff respectfully submits that it does not, *infra*), and further assuming that moving for permission prior to the expiration of the thirty day period to defer said submission is fatal to a motion for attorney's fees (Plaintiff submits that it is not, *infra*).

41. Addressing the latter point first, such an interpretation of the Local Rule would effectively trump the Federal Rule by eliminating from the Federal Rule the opportunity to request bifurcation of the issues of liability for, and the amount of, statutory attorney's fees. This is why Plaintiff respectfully disagrees with the Court's conclusion that the Local Rule and the Federal Rule are not in

---

which arose the evening of Thursday, April 11th, counsel anticipated needing an additional five days to complete and submit this affidavit, prepare the fee petition, including supporting certifications from other local attorneys and a brief in support, which would contain the required analysis of the fee request. Upon being informed of this, Defendants' counsel objected to submission of the fee petition with this affidavit. Since the Court did not have time to respond to Plaintiff's letter request for an extension, which was submitted Friday afternoon, December 12th, and because Defendants have registered an objection, Plaintiff has elected not to complete preparation of the fee petition at this time, pending further direction from the Court.

conflict.

42.   In addition, the Local Rule's perceived "mandate" of submission of the information supporting the <u>amount</u> of the fee petition is tempered by the terms of the Rule itself: "an attorney seeking compensation for services . . . shall file within 30 days of the entry of judgment or order, <u>unless extended by the Court</u>, a motion for fees and expenses in accordance with L.Civ.R.7.1. The motion shall include any affidavits or other documents complying with 28 U.S.C. § 1746 setting forth the following..."

43.   Here, Plaintiff timely moved that the time for filing the motion for fees and expenses *with the detailed supporting documentation* be extended, pending resolution of the substantive question of defendant's liability for fees.

44.   The basis for Plaintiff's request, fully and plainly stated in the initial motion papers, is avoidance of the waste of Plaintiff's and Defendants' time and money involved in the tedious, fine-tooth comb analysis of every jot and tittle found in the billing records, *if* the Court concludes that Defendants' Offer of Judgment incorporated statutory attorneys' fees in compliance with the requirements of Third Circuit law.

45.   As noted, if the Local Rule is interpreted in the way espoused by the defendant, it obliterates the bifurcation

14

provision in the applicable Federal Rule of Civil Procedure, which a Local Rule simply can not do.  Indeed, and as Plaintiff pointed out in her reply brief, Fed. Rule Civ. Pro. 83(a)(2) specifically provides that "(a) local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." (emphasis added)

46.   In this instance, Plaintiff was not noncompliant with the Local Rule because it specifically allows a party to request that the submission of the detailed information (a requirement of form) be deferred, which is what Plaintiff did.

47.   Assuming *arguendo* that the Local Rule requires the strict compliance with the "requirement of form" of simultaneous submission of detailed support for the amount of attorneys' fees claimed, Plaintiff's "failure to comply" with it can not be justly characterized as "willful" when Plaintiff specifically and openly requested that the Court permit deferral.

48.   The Local Rule was interpreted in precisely this way in a case cited by defendant, Plaintiff, and the Court: Planned Parenthood v. Atty. Gen. of State of N.J., 297 F.3d 253 (3rd Cir. 2002)  The primary issue in that case was whether Plaintiff's request for an extension of time to file a fee petition was made timely, when it was filed

sixteen days after judgment was entered, outside the 14 day
time limit of Fed.R.Civ.P. 54(d), but within the thirty
days proscribed by the Local Rule. "Based on its own local
rule, which provided a 30-day deadline with the possibility
of an extension, the District Court entered an order
extending the time to file for attorneys' fees until 30
days after the conclusion of all appeals in the case."
(emphases added) Careful note should be made of the period
of extension:  30 days after all *appeals*.  This open-ended
extension, approved by the Third Circuit, caused the
submission of the Plaintiff's fee application on November
21, 2000, almost two *years* after the entry of judgment.

49.    Turning to the Court's specific concerns in the
Opinion, the first appears to be that:

> "(d)espite the Local Rule's clear mandate – 'the motion
> shall' - Plaintiff produced none of the required items to
> support her motion. In fact, despite the Federal Rule's
> clear mandate – 'the motion must' - Plaintiff failed to
> provide even the most minimal information such as the
> amount of fees she was seeking. Plaintiff defends her
> failure to follow the rules based on Federal Rule
> 54(d)(2)(C), which provides that '[t]he court may decide
> issues of liability for fees before receiving submissions
> on the value of services.'  (Opinion, pp. 7-8.)

50.    Plaintiff's explanatory response is that both the
Federal Rule and the Local Rule expressly allow a party to
request from the Court deferral of submission of the fee
calculation information, which is what Plaintiff requested

here.  Although Plaintiff placed specific reliance upon the
controlling Federal Rule of Civil Procedure in her initial
motion papers, the Local Rule's allowance for the same request
for the same relief also supports Plaintiff's procedure.
Indeed, the Local Rule can not impose deadline-type
requirements on litigants more onerous than the Federal Rule.
Plaintiff has no quarrel with the Local Rule's more detailed
submission requirements once the Court requires their
submission following the permitted request for deferral,
whether via immediate advice to the Plaintiff or following a
decision on liability for fees favorable to Plaintiff.

51.   In addition, the Court aptly notes at page 8,
footnote 4 of the Opinion that "the Local Rule similarly
provides [i]n appropriate circumstances, including but not
limited to those where counsel fees are sought as sanctions in
connection with discovery and other pretrial motions, the
Judge or Magistrate Judge to whom the application is directed
may order that any one or more of the items enumerated in
L.Civ.R. 54.2(a) and (b) will not be required."  (emphasis
added)  Plaintiff respectfully submits that if there are
circumstances in connection with fee applications where the
Court may *entirely relieve* a party of one or more of the
specific requirements, there are circumstances where their
submission can be deferred, such as when Plaintiff believes

that a Defendant's Offer of Judgment does not comply with Third Circuit decisions which require a specific structure and wording to include statutory attorney fees.

52.     The next issue identified by the Court immediately follows the Court's acknowledgment that Plaintiff requested deferral of submission of the fee calculation information "because she 'expects Defendants will oppose the motion and it seems unfair to burden them (and the Court, for that matter) with review of two years' worth of time records should it prove unnecessary."[8] Opinion at p. 8.

53.     The Court goes on to state that "Plaintiff's proposition is troubling for several reasons." Id. The first of the several reasons is that "(w)hile it is true that both the Local Rule and Federal Rule authorize a court to relax the rules, such circumstances are limited. Under the Federal Rule, such option 'may be appropriate in actions in which the liability issue is doubtful and the evaluation issues are numerous and complex.' Advisory Committee Note, 1993 Amendments. Under the Local Rule, such circumstance may be where counsel fees are sought as, sanctions. This case, however, presents a routine fee application that does not

---

[8] In her own footnote, Plaintiff candidly, openly and freely acknowledged that the suggested procedure would, at least temporarily, also relieve her of the burden of preparing the calculation of the requested fees.  Reply brief at p. 4, f.n. 1.

appear to warrant the invocation of Local Rule 54.2(c) or Federal Rule 54(d)(2)(C)."

54.   Plaintiff's explanatory response is that Plaintiff explicitly and forthrightly stated in her moving papers that the liability issue was (and is) complex and not easily decided ("In this case, <u>although a close call</u>, Defendants did not meet the exacting standards imposed in this Circuit for a Rule 68 Offer of Judgment to encompass Plaintiff's attorneys' fees." Plaintiff's opening brief, p. 6 (emphasis added).)   Indeed, the liability issue appears to be anything but clear-cut, as it appears to remain undecided even today. *See f.n. 7, supra.*

55.   As to whether this case "presents a routine fee application," Plaintiff specifically noted that there are two years' worth of billing records to be reviewed, argued about, and decided upon.   "Consideration of fee petitions is often an extremely involved and time-consuming exercise ..."   <u>Planned Parenthood v. Atty. Gen. of State of N.J.</u>, 297 F.3d 253, 261 (Fed. 3rd Cir., 2002).   Based upon the opposition to this motion, it is reasonable to anticipate that, should the Court allow submission of the fee petition, Defendants will mount a vigorous, spirited and thorough opposition.

56.   The second of the several reasons that

Plaintiff's proposition is "troubling" appears to be the Court's conclusion that "because she was the prevailing party, Plaintiff's statutory right to attorney's fees under the FLSA is clear."

57.   Plaintiff's explanatory response is that there is no dispute that, as the prevailing party, Plaintiff's statutory right to the "reasonable attorney's fees" offered by Defendants (which can only be set by the court, not the Defendants) under the FLSA is clear.  Nonetheless, Plaintiff truthfully, and accurately, acknowledged that there was likely a dispute over whether Defendants had prepared their unilateral Offer of Judgment to <u>include</u> reasonable attorney's fees as required in this Circuit.  As it turned out, Defendants have hotly disputed that question.

58.   The Court's third reason that Plaintiff's proposition is troubling is that:

> (B)y Plaintiff's own submission, the Offer of Judgment expressly permits her recovery of attorney's fees. That should have ended the analysis and a straightforward, uncomplicated motion for attorney's fees should and could have been filed in compliance with the Local Rule. Yet, because she expected Defendants to oppose her application for attorney's fees, she did not submit the requisite documentation. However, fee applications are routinely opposed. It would be the unusual case where no opposition was filed. Indeed, if a plaintiff were automatically excused from Local Rule 54.2's requirements simply because she anticipated opposition, the exception would swallow the rule and Local Rule 54.2 would have little force.

59.   Plaintiff's explanatory response:  One of
Plaintiff's arguments is that the Offer of Judgment expressly
permits her recovery of attorney's fees.  However, with no
disrespect intended, the analysis does not--and did not--end
there.  Another of Plaintiff's arguments in her initial brief
is that the Offer of Judgment does not conform to the
requirements established by the Third Circuit Court of
Appeals, and that although Defendants may have irrelevantly
intended to include reasonable attorney's fees within the
$8,000 figure, they failed to expressly do so.  Imagine the
outrage from Defendants if Plaintiff had simply submitted her
fee application, while blithely asserting that Defendants had
not included attorneys' fees.  Imagine the loss of credibility
of Plaintiff with the Court if Plaintiff had made such a bare
assertion, refusing even to recognize that the point was
arguable.  Moreover, it is true that fee applications are
routinely opposed, even when there is no controversy over
Plaintiff's entitlement to submit one (e.g., a successful jury
verdict in a case premised solely upon a Title VII
discrimination claim).  Here, Plaintiff proactively recognized
that there could be a liability issue that is not merely
metaphysical, and naively attempted to save the parties, and
perhaps the Court, the time involved in litigating the
calculation of the fees.  Most importantly, Plaintiff did not-

-and does not--assert that she is "automatically excused from Local Rule 54.2's requirements simply because she anticipated opposition," and fully agrees with the Court that such automatic excusal "would swallow the rule and Local Rule 54.2 would have little force."  Plaintiff simply intended to rely upon her interpretation of the Federal (in her initial brief) and Local Rules (in her reply brief) which seem to permit her to seek permission from the Court to *defer* the calculation submissions--permission which the Court is free to deny. Respectfully, denial of such permission should not result in denial of permission to submit the calculations *at all.*

60.   The Court then turns from the Plaintiff's request for deferral to the Plaintiff's (counsel's) conduct, which it finds troubling.  Opinion at p. 9.

61.   The Court concludes that:

(T)here are two possible scenarios to explain the motion that Plaintiff seeks to have this Court resolve. Either Plaintiff believed that she was entitled to the attorney's fees and the Offer of Judgment did not preclude her entitlement to fees or Plaintiff believed that the Offer of Judgment was meant to preclude recovery of further fees but was drafted inartfully to Plaintiff's benefit. Under the first scenario, as already discussed, the motion is straightforward, and Plaintiff should have followed the rules. Under the latter scenario, Plaintiff should have been more candid with the Court, as well as her adversary. It was Plaintiff's counsel who appears to have first raised the significance of the second comma's placement in the Offer of Judgment.  There is nothing before the Court that suggests that Defendants were aware that Plaintiff's position was, and is, that the attorney's fees were not included in the Offer of

Judgment – i.e., not part of the restrictive clause. For weeks, Defendants counsel attempted to get Plaintiff's counsel to sign the Warrant of Satisfaction of Judgment, but was put off by Plaintiff until the within motion was filed. [Docket No. 28, Defs.' Exs. I-N]. It was a "gotcha" moment accompanied by Plaintiff's unnecessary "lecture" to Defendants that Rule 68 is a "trap for the unwary" See Pl.'s Br. at 6-7. The tenor of Plaintiff's motion gives this Court great pause. Moreover, Plaintiff's sole reason for failing to follow the rule was because she anticipated opposition based on the Offer of Judgment. Why did she anticipate such opposition if the issue is as clear-cut as Plaintiff says it is? It seems Plaintiff herself had questions but still filed a "gotcha" type brief. Accordingly, the Court will require a more detailed explanation as to why Plaintiff failed to follow the Local Rule.  If Plaintiff expects that Defendants should play by the "rules," so should she. It is within this Court's discretion whether it should overlook Plaintiff's failure to comply with Local Rule 54.2. Accordingly, because this Court has serious concerns as to why Plaintiff failed to comply with the Local Rule's clear mandate it will require a more detailed explanation as to why Plaintiff failed to follow the Rule. The Court may conduct a further hearing upon Plaintiff's submission of an affidavit of counsel explaining Plaintiff's tactics.

62.    Plaintiff's explanatory response to the Court's serious charges of misconduct:  As revealed in Plaintiff's motion papers, Plaintiff believed--and still believes--that, as a matter of law, Defendants' unilateral Offer of Judgment does not include statutory attorneys' fees since Defendants failed to expressly state that attorneys' fees were included, in accordance with the Third Circuit's exacting standards. Under Lima, neither the Defendants' intentions nor the Plaintiff's beliefs about the Defendants' intentions are relevant.  As borne out by the anticipated--and filed--

opposition, Defendants argue that their Offer of Judgment does include attorneys' fees.  The issue apparently has yet to be decided.  At no time was Plaintiff dishonest with the Court or her adversary.  By the Local Rules, Plaintiff had thirty days to file the motion at hand.  Plaintiff simply took that time to contemplate, prepare the motion, and ultimately decide to file it for reasons which can not be revealed as a result of Attorney-Client privilege.

63.   There was no ill intent or bad faith basis for filing the motion.  There was no trickery or "gotcha" tactics employed by Plaintiff or, more specifically, Plaintiff's counsel.

64.   Plaintiff has simply submitted the motion in an effort to resolve what has indeed turned out to be a complex question of law and has merely set forth, what she believes to be, persuasive arguments in her favor.

65.   Counsel did further unequivocally confirm that the Warrant of Satisfaction of Judgment was not executed while counsel contemplated filing the motion.  Again, I am not aware of any requirement to disclose to my adversary that I am considering filing a motion which may or may not be prejudiced by execution and filing of a Warrant of Satisfaction of Judgment.  In contrast, I am fully aware of my obligation to my client to preserve the confidentiality of our

communications, particularly as they pertain to the next possible steps to be taken in litigation.

66.    The Court notes that "There is nothing before the Court that suggests that Defendants were aware that Plaintiff's position was, and is, that the attorney's fees were not included in the Offer of Judgment – i.e., not part of the restrictive clause."  Plaintiff responds, with the utmost respect, and based upon the preceding discussion, that Plaintiff is not aware of any obligation to disclose that position to Defendants prior to filing the Motion, but is aware of the attorney-client privilege's prohibition upon sharing such information with the Defendants.

67.    The Court further states that "(f)or weeks, Defendants' counsel attempted to get Plaintiff's counsel to sign the Warrant of Satisfaction of Judgment, but was put off by Plaintiff until the within motion was filed. [Docket No. 28, Defs.' Exs. I-N]. Plaintiff responds that Defendant's counsel did not send the Warrant of Satisfaction of Judgment until April 14th, via overnight mail, which was received in Plaintiff's counsel's office on April 15th.  Plaintiff filed the Warrant a mere fifteen days later.

68.    The Court characterizes the filing of the motion as "a 'gotcha' moment accompanied by Plaintiff's unnecessary 'lecture' to Defendants that Rule 68 is a 'trap for the

unwary' See Pl.'s Br. at 6-7."  The Court goes on to state that "(t)he tenor of Plaintiff's motion gives this Court great pause."  Opinion at p. 10.

69.   Plaintiff responds--again, with the highest amount of respect to the Court--that Plaintiff's counsel neither intended nor believes that he engaged in a "gotcha," nor "an unnecessary lecture." Counsel is chagrined (indeed, horrified) by the Court's statement that the "tenor of Plaintiff's motion gives this Court great pause."  Counsel will address these three primary issues in turn.

70.   **"Gotcha."**  For the reasons set forth above, Plaintiff's motion was timely filed, and requested from the Court relief which is both contemplated and allowed by both the Federal and Local Rules.  Plaintiff respectfully submits that the motion filed here is no more a "gotcha" than a timely filed Motion for Summary Judgment, a motion for judgment at the close of Plaintiff's case, a motion *in limine* prior to trial, or any other procedure which requires no prior notice to the adversary and which seeks a decision contrary to the opposing party's interests.

71.   Imagine a case venued in the Superior Court of New Jersey where the Plaintiff has obtained a $2.3 million verdict.  Imagine further that the defendant files an appeal of the verdict, but erroneously files it in the Law Division,

not the Appellate Division.  Upon receipt of the "appeal,"
Plaintiff's counsel recognizes defense counsel error
immediately.  Is Plaintiff's counsel obligated to notify the
adversary of the error, thereby jeopardizing the client's
verdict (and most certainly delaying its collection for one to
two years), or is Plaintiff's counsel obligated to remain
silent, allow the time for appeal to pass, and then, when
defendant realizes the error and moves to appeal out of time,
oppose that motion and prevail?  Or must Plaintiff consent to
the appeal being filed out of time, because Plaintiff was
aware of defendant's error from its inception?[9]

72.    If Plaintiff had somehow induced Defendants to
phrase their Offer of Judgment as they chose to, and then
turned around and argued that attorney's fees were not
included, that would be a "gotcha."  But Defendants, eager to
pummel Plaintiff into submission by notifying her erstwhile
employer of unproven allegations of a breach of her noncompete
(which had its obviously intended effect on Plaintiff in very
short order, followed by their Counterclaim and low-ball Offer
of Judgment[10], did not (in Plaintiff's view) expressly include
attorneys' fees in compliance with the standards of this

---

[9] Plaintiff trusts that these are rhetorical questions and
that the answers are not subject to debate.
[10] Plaintiff submits that these tactics are the actual
"gotchas," while at the same time, permissible within the
Federal and Local Rules of Procedure.

Circuit in drafting their Offer.

73.   **The "Unnecessary Lecture."**   Apparently, the Court considers the Plaintiff's one-time verbatim quotation in its initial brief from the Third Circuit opinion in <u>Lima v. City of Newark</u>, 658 F.3d 324, 326 (3rd Cir. 2011) that Rule 68 presents "a trap for the unwary" as a lecture to Defendants' counsel.   Counsel, consistent with his professional obligation to the Court, his adversary, and, most of all, his client, was only attempting to accurately set forth the law in this Circuit which governs Offers of Judgment.   The balance of pages 6-7 of Plaintiff's initial brief, which the Court also references in its description of the unnecessary lecture, primarily consists of additional direct quotes from <u>Lima</u>, with the balance consumed by an unremarkable description of the underlying facts in <u>Lima</u>.

74.   **The "Tenor of the Motion."**   I have read and re-read Plaintiff's initial brief and I can not locate anywhere in that document any "tenor" which is outside the bounds of zealous advocacy.   I truthfully can not locate any tenor which even approaches those boundaries.   If the Court will specify where I stepped over any such line, I will attempt to explain to the Court why I respectfully disagree, or, quite possibly, concede that I could have

employed more genteel language.

75.  Plaintiff respectfully submits that the tenor of Defendants' opposition is fairly subject to scrutiny, as Defendants directly accused Plaintiff's counsel of fraud, deceit, trickery and misconduct (Plaintiff "duped" Defendants into dismissing their counterclaims); counsel's "purposeful silence" (required by the attorney-client privilege) constitutes fraud or attorney misconduct; counsel's timely filing of a motion which requested deferral of the submission of the fee petition as permitted by the Federal and Local Rules was a "gotcha;" counsel's conduct regarding the dismissal of the nascent counterclaim was done under false pretenses and in bad faith; and counsel has engaged in a deeply troubling lack of candor to the Court.[11]

76.  In conclusion, Plaintiff's counsel respectfully submits that there was nothing wrong with Plaintiff's request that the fee calculation materials' submission be deferred, nor with Plaintiff's omission of those materials, pending a decision by the Court on the request.  Plaintiff respectfully

---

[11] This last accusation of not being candid with the Court is particularly distasteful given Defendants' demonstrated citation to Lima for a proposition that is nowhere to be found on the cited page.  (Reply Brief at 12.)  In fact, the cited page in Lima directly contradicts the proposition for which Defendants cited it (Defendants assert that the Offer in Lima did not mention attorneys' fees.  It did.)

submits that both the Federal and Local Rules authorize such a procedure.

Pursuant to 28 U.S.C. § 1746 I certify under penalty of perjury that the foregoing is true and correct.  Executed on December 14, 2014.

Hagerty & Bland-Tull Law LLC
Attorneys for Plaintiff


_s/ Robert J. Hagerty_____
By: Robert J. Hagerty