NOT FOR PUBLICATION                    [Docket Nos. 27 & 28]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

PAULINE BARTON,

     Plaintiff,                          Civil No. 13-4592
                                     (RMB/AMD)
        v.

MID-ATLANTIC FLOORING VENTURES        **OPINION**
INC. d/b/a PROSOURCE OF SOUTH
JERSEY AND PROSOURCE OF RARITAN
CENTER, et al.,

     Defendants.

APPEARANCES:

ROBERT J. HAGERTY
Hagerty & Bland-Tull Law LLC
714 East Main Street Suite 2C
Moorestown, NJ 08057
    Attorney for Plaintiff

IAN D. MEKLINSKY
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive
Building 3
Lawrenceville, NJ 08648-2311
    Attorney for Defendants

**BUMB**, United States District Judge:

**I. Request for Attorney's Fees**

    Relevant Background:

    On June 15, 2013, Plaintiff Pauline Barton ("Plaintiff")

filed a Complaint against Defendants Mid-Atlantic Flooring

Ventures, Inc. and Mark Grossman ("Defendants"), in the Superior Court of New Jersey, Law Division, which Defendants removed to this Court.  In her Complaint, Plaintiff alleged violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and the wage payment provisions of the New Jersey Wage and Hour Law ("Wage and Hour").[1]

On March 14, 2014, Defendants filed a Motion to Amend their answer to assert a counterclaim.  That same date, Defendants also served an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 (the "Offer of Judgment").[2]  Pursuant to the terms of the Offer of Judgment, Defendants offered:

> to allow judgment to be taken against them on all claims in the Complaint of Plaintiff Pauline Barton for the <u>total sum of eight thousand dollars ($8,000), inclusive of the costs of the action, and reasonable attorney's fees incurred</u> through and including the date of the offer.

---

[1] A complete history of this matter is set forth in this Court's previous Opinion, Docket No. 42, and is incorporated by reference herein.

[2] Federal Rule of Civil Procedure 68 provides, in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

[Docket No. 24] (emphasis added).  Attached to the Offer of Judgment was a letter stating that the Offer was "in the amount of $8,000, inclusive of costs and attorneys' fees."  Melinsky Cert. Ex. C.  Plaintiff accepted the Offer of Judgment three days later, on March 28, 2014, by filing a Notice of Acceptance. In connection with Plaintiff's acceptance, the parties signed and filed a Stipulation of Dismissal [Docket No. 26]. The Clerk of Court thereafter terminated this case pursuant to the Stipulation of Dismissal and Plaintiff's acceptance of the Offer of Judgment [Docket No. 24]. The Clerk of Court also entered a judgment in favor of Plaintiff in the amount of $8,000 and against Defendants.

On April 30, 2014, Plaintiff filed a motion seeking a statutory award of attorney's fees under the FLSA's prevailing party provision [Docket No. 27].  Plaintiff also moved to remand her Wage and Hour claim to state court. The Defendants opposed Plaintiff's motion for fees on several grounds, arguing that:

- The motion for attorney's fees is procedurally deficient under Local Rule 54.2;
- The motion for fees is barred by the Offer of Judgment, which conclusively settled the entire case as to all claims and attorney's fees; and
- Alternatively, if this Court excuses Plaintiff's failure to abide by the Local Rule and agrees with Plaintiff's interpretation of the Offer of Judgment, the Court should vacate the judgment under Federal

Rule of Civil Procedure 60(b) and permit Defendants to
file their counterclaims [Docket No. 28].

In the prior Opinion on this issue, [Docket No. 42], this
Court denied Plaintiff's request to remand and expressed serious
concerns as to why Plaintiff had failed to comply with the New
Jersey Local Rule 54.2 in submitting the request for fees.
Local Civil Rule 54.2 provides that in all actions in which a
counsel fee is allowed by the Court or permitted by statute, an
attorney seeking compensation for services . . . shall file
within 30 days of the entry of judgment or order, unless
extended by the Court, a motion for fees and expenses in
accordance with L.Civ.R. 7.1. The motion shall include any
affidavits or other documents complying with 28 U.S.C. § 1746
setting forth the following:

(1) the nature of the services rendered . . . and other
factors pertinent to the evaluation of the services
rendered;

(2) a record of the dates of services rendered;

(3) a description of the services rendered on each of such
dates by each person of that firm including the
identity of the person rendering the service and a
brief description of that person's professional
experience;

(4) the time spent in the rendering of each of such
services; and

(5) the normal billing rate for each of said persons for
the type of work performed.

4

L. Civ. R. 54.2 (emphasis added).[3]

While it was undisputed that Plaintiff had failed to comply with the Local Rule 54.2, Plaintiff asserted that she failed to follow the rule based on Federal Rule 54(d)(2)(C), which provides that "[t]he court may decide issues of liability for fees before receiving submissions on the value of services." Plaintiff has asked this Court to decide this issue of liability first because she "expects defendants will oppose the motion and it seems unfair to burden them (and the Court, for that matter) with review of two years' worth of time records should it prove unnecessary." [Docket No. 27-1, p. 4].  This Court has held, however, that this case presented a routine fee application that does not appear to warrant the invocation of Local Rule 54.2(c)[4]

---

[3] Local Civil Rule 54.2 is similar to its federal counterpart, Federal Rule of Civil Procedure 54(d)(2)(B), which provides, in relevant part:
(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
(i)  be filed no later than 14 days after the entry of judgment;
(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii) state the amount sought or provide a fair estimate of it; and
(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.
[4] Although not cited by Plaintiff, the Local Rule similarly provides "[i]n appropriate circumstances, including but not

or Federal Rule 54(d)(2)(C).  The FLSA provides for an award to
a prevailing party, and the parties do not dispute that
Plaintiff was the prevailing party as a result of the Offer of
Judgment.  This Court further stated that if a plaintiff were
automatically excused from Local Rule 54.2's requirements simply
because she anticipated opposition, the exception would swallow
the Rule and Local Rule 54.2 would have little force.

　　　With respect to the text of the Offer of Judgment itself,
this Court previously noted that the placement of the commas in
the Offer of Judgment was key to the parties' substantive
arguments, but made no specific findings on the text itself.[5]
Instead, this Court deferred making a finding on the Offer of

---

limited to those where counsel fees are sought as sanctions in
connection with discovery and other pretrial motions, the Judge
or Magistrate Judge to whom the application is directed may order
that any one or more of the items enumerated in L.Civ.R. 54.2(a)
and (b) will not be required." L.Civ.R. 54.2(c).

[5] This Court also stated that Plaintiff was incorrect that the
mere inclusion of a comma before the "and" renders the last
phrase of the Offer of Judgment an "independent clause."  An
independent clause is one that can stand by itself – i.e., is a
simple sentence.  Here, "*and reasonable attorney's fees incurred
through and including the date of the offer*" is not a sentence as
it lacks the requisite verb.  Instead, if the parties intended
the phrase "*inclusive of the costs of the action*" to limit or
define the $8,000, which both parties agree they did, both commas
are in error as "inclusive of the costs of the action" is a
restrictive clause and no comma should be placed prior to a
restrictive clause.  See Strunk and White, The Elements of Style,
Elementary Rule of Usage 3).

Judgment until Plaintiff had an opportunity better explain her failure to abide by Local Rule 54.2, conduct this Court deemed "troubling." Doc. No. 42 at 9.

In response to this Court's Opinion, Plaintiff's counsel filed a certification to address the concerns expressed therein. In this submission, Plaintiff's counsel repeated several arguments set forth in Plaintiff's prior brief requesting a fee award, namely that parol evidence related to the Offer of Judgment is irrelevant and inadmissible and that ambiguity, if any, should be construed against the Defendant. Id. at ¶ 27. Plaintiff's counsel also characterized the Plaintiff's prior submission as a "requested deferral of the submission of the fee petition papers . . ." Id. at ¶29.

Oral Argument

January 23, 2015, this Court held a hearing in this matter to provide the parties with an opportunity to be heard on the motion of attorney's fees – more specifically, to provide Plaintiff an opportunity to explain the failure to abide by Local Rule 54.2 and what this Court perceived as a lack of candor on Plaintiff's behalf. During oral argument, counsel for the Plaintiff characterized the attorney's fees submission as one asking the Court to "defer submission of the fee petition" –

i.e., as requesting an extension of time.  Jan. 23, 2015 Tr. at
6:3-6.

     During the hearing, this Court pressed Plaintiff on the
issue of why she believed the issue of liability for fees was
unsettled; Plaintiff's counsel repeated his assertions that he
anticipated that the motion for fees would be opposed and was
"merely trying to save the court time."  Id. at 7:8-9.  The
Court continued to implore counsel for a satisfactory
explanation of why Plaintiff failed to comply with the Local
Rule, but only received repeated assertions that Plaintiff
anticipated that the motion would be opposed.  This Court never
received a forthright answer.  At the end of the hearing, this
Court proposed that it must determine whether Plaintiff ought to
be excused from strict compliance with the Local Rule.  Id. at
18:20-24.  Only once that question was resolved could this Court
determine whether or not Plaintiff is entitled to fees under the
terms of the Rule 68 Offer of Judgment.  Id.  18:24-19:1.[6]

_____

[6] After the hearing, counsel for Plaintiff submitted a corrected
certification [Doc. No. 52], to address errors in the prior
certification filed with this Court on December 14, 2014, namely
portions of the certification referring to the issue of
entitlement to fees as "a close call." Plaintiff had a version of
her brief admitting liability was a "close call" but edited that
language before submitting papers to this Court and then sought
to rely on such language later on. Again, this is emblematic of

<u>Analysis:</u>

*Failure to Comply with Local Rule 54.2*

It is undisputed that Plaintiff did not strictly comply with the dictates of Local Rule 54.2; instead, as discussed above, Plaintiff now posits that her submission was a request for more time under the Local Rule and/or a request pursuant to Federal Rule of Civil Procedure 54(d)(2)(c) for this Court to first decide the issue of liability for fees.  As even Plaintiff has admitted, however, the Offer of Judgment renders her the prevailing party because "a Rule 68 offer does not affect the trial court's award of attorney's fees under [29 U.S.C.] § 215(b)." Doc. No. 27-1 at 5.  This section of the FLSA states, in relevant part: "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  Thus, liability is a non-issue and, to date, Plaintiff has not offered a satisfactory explanation for why she would believe the issue of liability to be unsettled.[7]

---

this Court's ongoing concern with Plaintiff's candor to the Court.

[7] It is clear to the Court that, based on the transmittal letter conveying the Offer of Judgment, Defendants intended the $8,000 to include attorney's fees even though the Offer itself was not drafted correctly to execute that intent.  The fact that

9

Nevertheless, at this juncture, the Court must determine whether Plaintiff should be excused from strict compliance with the dictates of the Local Rule.  While there are instances where failure to abide by the requirements of Local Rule 54.2 have resulted in a denial of a fee award, see, Oberti v. Board of Educ., 1995 U.S. Dist. LEXIS 10238 (D.N.J. July 17, 1995),[8] Plaintiff's characterization of her filing as a request for an extension of time to file the requisite materials, while seemingly a post-hoc rationalization, gives this Court pause with respect to denying Plaintiff's fee request for failure to strictly comply with the Local Rule alone.  This is especially true in light of the fact that other courts will often extend the time to file required documentation where requested. Moreover, the Third Circuit has expressed reluctance to prevent an award of attorney's fees based on a failure to strictly comply with a New Jersey Local Rule alone.  See Koenig v.

---

Plaintiff failed to candidly inform this Court that this was the reason why there may be a dispute over the fees is troubling.

[8] In Oberti, the Court refused to extend the 30 day time period to two years of additional time and noted that that the precursor rule to Rule 54.2 "insures review of fee issues will proceed before memories dim, that the opposing party has notice of the claim before time for appeal has elapsed, and it increases the likelihood that the court will make its fee ruling in time to allow appellate review at the same time as review of the merits." Id. at *15.

Automatic Data Processing, 156 F. App'x 461 (3d Cir.
2005)(stating that "[w]hile the Court should no doubt enforce
compliance with such local rules, we conclude that failure to
comply should not be grounds for denial, exclusive of other
considerations.").

In light of the above, this Court will not deny Plaintiff's
motion for fees for failure to comply with the dictates of the
Local Rule and will construe Plaintiff's motion as a request for
more time under that Rule, as permitted under its plain terms.
See Local Rule 54.2 ("an attorney seeking compensation for
services or reimbursement of necessary expenses shall file
within 30 days of entry of judgment or order, unless extended by
the Court, a motion for fees and expenses . . . .").[9]

*Interpreting the Offer or Judgment*

Because the Court will not bar Plaintiff's application for
failure to file the appropriate materials within 30 days as set

---

[9] Cases cited by Defendants dictate a similar result.  For
example in Hewlett-Packard Fin. Servs. Co., v. One2One, No. 05-
4045, 2006 U.S. Dist. LEXIS 27009 (D.N.J. May 5, 2006), the Court
noted that plaintiff had failed to set forth a fair estimate of
the amount of fees sought as required under Fed. R. Civ. P.
54(d)(2)(B), the Court, nevertheless, directed plaintiff to
submit a motion for attorney's Fees and costs. In addition, this
Court finds the Defendants' citation to Veneziano v. Long Island
Fabrication, 238 F. Supp. 2d 683 (D.N.J. 2002), unhelpful as it

11

forth under Local Rule 54.2, the Court must next determine

whether Plaintiff is entitled to fees under the language of the

Offer of Judgment.  Again, in the Offer of Judgment, the

Defendants offered

> to allow judgment to be taken against them on all
> claims in the Complaint of Plaintiff Pauline Barton
> for the total sum of eight thousand dollars ($8,000),
> inclusive of the costs of the action, and reasonable
> attorney's fees incurred through and including the
> date of the offer.

Plaintiff argues that the Offer, while explicitly including

costs in the $8,000, fails to include attorney's fees in that

amount as evidenced by the inclusion of commas, the word "and,"

and the use of the word "reasonable," which "bespeaks an intent

to have them set by the court[.]"  Doc. No. 27-1 at 10.

In addition to presenting arguments about the text of the

Offer, Plaintiff relies on Lima v. City of Newark, 658 F.3d 324,

331 (3d Cir. 2011), for the proposition that the Court cannot

consider extrinsic evidence at all when considering a Rule 68

offer of judgment.  In Lima, the Third Circuit held that, "[i]n

interpreting a Rule 68 offer of judgment, courts must not

consider extrinsic evidence or the intentions of the parties.

Nor can they allow their awareness of such irrelevant facts to

---

deals with the issue of awarding fees and costs for bad faith
pursuant to 28 U.S.C. § 1927.

influence their interpretations of the plain language of the
Offer." Id. at 333.  More specifically, and particularly
relevant here, the Third Circuit noted in Lima that even where
an email conveying the offer of judgment provided evidence of
the defendant's subjective intent that the offer include
attorney's fees and costs, such extrinsic evidence could not be
considered.  Id. at 331.  Here, the transmittal letter with the
Offer of Judgment explicitly stated that the fees were to be
included in the $8,000.[10]  Plaintiff further states that if any
ambiguity exists, it must be construed against the drafter,
again, citing Lima.

    Defendants seek to distinguish the holding in Lima, arguing
that the offer of judgment in that matter was silent on whether
costs and fees were included; here, the Offer at issue addressed
both costs and fees.  Finally, the Defendants urge this Court to
look at the Offer of Judgment as a contract to be construed
"like any other contract."  Doc. 28-1 at 17.  In employing the
principles of contract interpretation, the Defendants implore
this Court to examine the intent and understanding of the

---

[10]  As already stated, Plaintiff has never acknowledged this
letter as the reason why Plaintiff anticipated that the motion
for fees would be opposed.  Had she done so, the Court's concern
regarding Plaintiff's counsel's candor would have been alleviated

parties with respect to the offer – _i.e._, Defendants'
understanding that the offer included attorney's fees as
evidenced by the transmittal letter making clear that the $8,000
offer was "inclusive of costs and attorneys' fees."  In so
arguing, however, Defendants rely on case law that presupposes
ambiguity in the language of the Offer of Judgment and that
appears to no longer valid after Lima.  See, e.g., Kyreakakis v.
Paternoster, 732 F. Supp. 1287, 1292 (D.N.J. 1990)(finding that
examination of extrinsic evidence relating to offer of judgment
was acceptable where the offer was "reasonably subject to
differing interpretations.").

A review of the plain language of the Offer of Judgment,
however, reveals that the $8,000 included costs but did not
include attorney's fees, unlike the transmittal letter.  The
Defendants' appeal to the interpretation of the word "and" as
employed in Boorstein v. City of New York, 107 F.R.D. 31, 34
(S.D.N.Y. 1984)(stating that "and" indicates that what follows
is to be covered by the sum previously specified), is unavailing
here; the plain language of the offer indicates that attorney's
fees were not included in the $8,000 sum based on the
construction of the sentence and language employed.

---

and Plaintiff's "lecture" about how Rule 68 is a "trap for the

Furthermore, this Court is bound by <u>Lima</u> and cannot refer to the extrinsic evidence offered, including the transmittal letter, nor can it allow its awareness of the contents of that letter influence the interpretation of the plain language of the Offer. <u>Lima</u>, 658 F.3d at 333.

Thus, in light of the above, this Court finds that the language of the Offer of Judgment permits an award of attorney's fees.

**II.    Rule 60(b) Motion**

Defendants have cross-moved to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b) if this Court adopts the meaning urged by Plaintiff. Docket No. 28 at 23. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, <u>Pierce Assoc., Inc. v. Nemours Found.</u>, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary

---

unwary" would have been more palatable.

circumstances.  <u>Moolenaar v. Gov't of Virgin Islands</u>, 822 F.2d 1342, 1346 (3d Cir. 1987).

Defendants contend that, in looking at the Offer of Judgment as a contract, it becomes clear that there was no meeting of the minds – <u>i.e.</u>, no mutual asset on all terms of the contract with respect to the inclusion of attorney's fees.  Doc. No. 28 at 24.  Therefore, relief under Rule 60(b) applies. Defendants cite heavily to an Eighth Circuit case, <u>Stewart v. Prof. Computer Centers</u>, 148 F. 3d 937, 930 (8th Cir. 1998), to support the conclusion that the intentions of the parties can be examined to determine whether there has been a meeting of the minds with respect to the Offer of Judgment.  In <u>Stewart</u>, the Eighth Circuit granted the defendants' Rule 60(b) motion, holding that there was no binding agreement because external indicators reflected a lack of mutual assent to the offer's terms with respect to attorney's fees.  Defendants urge this Court to similarly review extrinsic evidence demonstrating their understanding that attorney's fees were included in the Offer of Judgment.

Finally, even if this Court does not vacate the judgment, Defendants ask that they be permitted to file their counterclaims, which were resolved "in connection with [P]laintiff's acceptance of [D]efendants' Offer of Judgment."

16

Doc. No. 28-1 at 26.  Essentially, Defendants contend they "should be permitted to file the Counterclaims since the matter is not actually settled as intended by the parties."  Id.

In response, Plaintiff argues that, because extrinsic evidence cannot be reviewed in conjunction with the Offer of Judgment per the decision in Lima, cases cited by Defendants, including Stewart, are inapplicable.  This Court agrees; again, this Court must look to the binding precedent of this Circuit to decide this issue.  In Lima, the Third Circuit, instead of examining extrinsic evidence and finding there was no meeting of the minds where the parties had differing interpretations of the offer of judgment, made clear that when interpreting offers of judgment, the intentions and expectations of the parties are "not a term of the Offer."  Lima, 658 F.3d at 331.  The Circuit also rejected arguments analogous to Defendants' "meeting of the minds" assertions, and refused to give weight to the Lima defendant's argument, which pointed to affidavits stating that they intended fees to be included in the offer of judgment.  Id. Moreover, the Circuit did not vacate the offer, as advocated for here, but rather noted that Rule 68 "presents a trap for the unwary [that] manifests itself most frequently when a defendant erroneously believes that an accepted Rule 68 offer of judgment finally resolves a civil action, only to be assessed substantial

17

attorney's fees and costs thereafter by the court." <u>Id.</u> at 326.
Based on this language, this Court finds that, even in instances
where the parties' expectations as to an offer of judgment
differ, the judgment should be enforced as unambiguously
written.  Defendants' Rule 60(b) motion shall, therefore, be
denied.

For similar reasons, this Court finds Defendants' arguments
in favor of leave to file their counterclaim unavailing.  Again,
the fact that Defendants subjectively intended the Offer of
Judgment to settle all matters, including attorney's fees, does
not permit this Court to go beyond terms of the Offer of
Judgement.  <u>Lima</u> supports this conclusion even in the face of
Defendants' argument that "the matter is not actually settled as
intended by the parties."  Again, subjective intent cannot be
considered by this Court.  <u>See Lima</u>, 658 F.3d at 333.

III.   *Calculating a Reasonable Fee Award*

Because the award of fees is not precluded by the language
of the Offer of Judgment and Plaintiff is the prevailing party,
an award of fees under the FLSA is appropriate.  Pursuant to the
FLSA, this Court is authorized to award "a <u>reasonable</u> attorney's
fee to be paid by the defendant." 29 U.S.C. § 216(b) (emphasis
added).  To arrive at a "reasonable attorneys' fee award,"
courts in FLSA cases generally use the lodestar method. <u>Loughner</u>

v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001). At
this juncture, because Plaintiff has not complied with the Local
Rule, the Court lacks the requisite information to make such a
calculation. Therefore, Plaintiff shall have 45 days from the
date of this Opinion to submit a motion for attorney's fees
compliant with the dictates of both Federal Rule 54(d)(2)(B) and
Local Rule 54.2. In reviewing the submission, this Court will
remain mindful that the amount awarded is within the sound
discretion of the Court. Mantz v. Steven Singer Jewelers, 100
F. App'x 78, 82 (3d Cir. 2004)(holding "that the district court
applied the correct legal standards and did not abuse its
discretion in determining a reasonable attorney's fees award.").
The Court is also mindful that there is precedent in this
District for reducing a fee award where the motion is submitted
in an untimely manner, but that untimeliness has been excused.
See Olin v. M.R.S. Associates, Inc., No. 10-1380, 2014 U.S.
Dist. LEXIS 19504, at *2 (D.N.J. Feb. 14, 2014)(discussing a
nearly three month filing delay as "sufficient enough to warrant
the imposition of a percentage based reduction off of the total
award of attorney's fees after the loadstar is calculated.").
In addition, the history of the fee award application in this
matter will impact the total amount eventually awarded; this
Court remains exasperated that Plaintiff has never provided a

candid acknowledgement of the contents of the transmittal letter despite repeated opportunities to simply acknowledge the contends of that letter to this Court and maintain that, under <u>Lima</u>, that letter is irrelevant.  The fact that Plaintiff repeatedly failed to simply acknowledge that the transmittal letter caused her to believe that the issue of fees would be disputed has resulted in needless litigation and effort by this Court to understand Plaintiff's reasoning. The fees issue would have been resolved far more expeditiously had Plaintiff simply been straightforward with the Court, and, certainly, this will impact the fee award.

### III. Conclusion:

For the aforementioned reasons, this Court finds that it will excuse Plaintiff's failure to comply with Local Rule 54.2 in a timely fashion and will provide Plaintiff with 45 days to file the appropriate motion papers and supporting documentation.[11]  This Court will deny the Defendants' Federal Rule of Civil Procedure 60(b) motion.  An appropriate Order will

---

[11] If the parties seek to pursue settlement, they should so inform the Court and this deadline may be extended.

issue this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2014