[D.I. 79]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PAULINE BARTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MID-ATLANTIC FLOORING VENTURES, INC. d/b/a PROSOURCE OF SOUTH JERSEY AND PROSOURCE OF RARITAN CENTER, et al.,<br><br>　　　　Defendants. | Civil No. 13-4592 (RMB/AMD) |

**ORDER**

　　　　This matter comes before the Court by way of motion filed by Defendants Mid-Atlantic Flooring Ventures, Inc., Aaron Bailey, and Mark Grossman (hereinafter, "Defendants"), seeking sanctions and attorneys' fees associated with defense counsel's appearance at two scheduled settlement conferences. (See First Motion for Sanctions [D.I. 79].) Plaintiff Pauline Barton (hereinafter, "Plaintiff") opposes the motion. (See Brief in Opposition [D.I. 82].) The Court has considered the submissions and held oral argument on August 22, 2016. For the reasons set forth herein, Defendants' motion [D.I. 79] is denied in part and granted in part.

　　　　The Court notes that the facts of the case have been set forth by the District Court in Barton v. Mid-Atlantic Flooring

Ventures Inc., No. 13-4592, 2014 U.S. Dist. LEXIS 167985 (D.N.J. Dec. 4, 2014), and therefore only those facts necessary for the resolution of the pending motion shall be recounted herein. Defendants' motion centers around Plaintiff's failure to appear at a settlement conference scheduled for February 19, 2016 and Plaintiff and Plaintiff's counsel's failure to appear at a second settlement conference scheduled for February 26, 2016.

Rule 16(a) of the Federal Rules of Civil Procedure provides that the Court may direct the attorneys in an action to appear at a conference before trial. In addition, Rule 16(f)(1) states that:

> [o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> > (A) fails to appear at a scheduling or other pretrial conference;
> >
> > (B) is substantially unprepared to participate -- or does not participate in good faith -- in the conference; or
> >
> > (C) fails to obey a scheduling or other pretrial order.

FED. R. CIV. P. 16(f)(1). Furthermore, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses -- including attorney's fees -- incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or

other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2). "As the plain language of Rule 16(f) indicates, monetary sanctions for noncompliance with Rule 16 pretrial orders are required and appropriate absent a showing that the violation was 'substantially justified' or the award of expenses is 'unjust' under the circumstances of the case." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 241 (3d Cir. 2007) (citing 3 James Wm. Moore, et al., Moore's Federal Practice - Civil § 16.91[2][b] (3d ed. 1997 & Supp. 2006)).[1]

  The Court will address the two conferences separately. With respect to the February 19, 2016 settlement conference, the Court notes that Plaintiff was granted leave to appear by telephone. (See Text Order [D.I. 76], Feb. 18, 2016.) There is no dispute that Plaintiff was indeed available by telephone, and in fact, participated in a portion of the settlement conference when Plaintiff's counsel called her from the settlement conference. What is at issue, however, is defense counsel's position that Plaintiff's counsel improperly advised the Court that Plaintiff did not need to attend the conference. Specifically, defense counsel sent a letter to the Court dated February 17, 2016, which states that "[i]n order to address the full extent of the issues

---

[1] As discussed infra in finding sanctions are warranted pursuant to Rule 16(f), the Court need not address Defendants' arguments that the Court should award sanctions pursuant to Local Civil Rule 101.1(d) or its inherent authority.

3

before the Court, which we believe involves a global settlement of all issues, we submit that the [P]laintiff must attend the conference and request that the Court compel her attendance. At the very least, she should be required to be available by phone." (Exhibit E [D.I. 79-3], 16 on the docket.) Plaintiff's counsel responded to defense counsel's letter of February 17, 2016 by letter dated February 17, 2016 in which Plaintiff's counsel states that "the final resolution of this case is about attorney's fees only[,]" but that "[a] consistent impediment to settling the attorney's fees issue has been the Defendants' demand for a full release by [Plaintiff] of any and all potential claims she has against Defendants . . ." (Exhibit F [D.I. 79-3], 18 on the docket.) Plaintiff's counsel's February 17, 2016 letter further states that:

> [o]ur office has agreed to settle that fee claim for the exact figure that Your Honor suggested in one of our previous settlement conferences . . . [and] there is no reason, other than to inconvenience her, for [Plaintiff] to be present, nor to be available by telephone. Nonetheless, I will ensure that she is available by telephone should calling her somehow become necessary.

(Id.) However, at the settlement conference, Plaintiff's counsel made a monetary demand on behalf of Plaintiff in order for there to be a resolution of the release issue. It is the nature of this demand which Defendants state supports the motion for sanctions. Specifically, Defendants assert that Plaintiff's counsel

4

"represented to the Court that Plaintiff need not attend the conference, and then subsequent to that representation made a ludicrous demand on her behalf to resolve a claim that she had previously abandoned." (Defs.' Brief [D.I. 79-1], 5.) Plaintiff does not address this argument, but correctly points out that Plaintiff was permitted to and did appear by phone. (See Pl.'s Opp'n [D.I. 81], 6.) Although the Court rescheduled the settlement conference so that Plaintiff could appear in person, the Court finds that an award of sanctions is not appropriate for Plaintiff's failure to appear in person at the first conference. The Court expressly permitted Plaintiff to appear by telephone and Plaintiff did appear by phone. The issue of whether there is an enforceable settlement without a release was resolved by the District Judge[2] (see Order [D.I. 96], Aug. 1, 2016 (denying Defendants' motion to enforce settlement); see also Opinion [D.I. 95], Aug. 1, 2016), and the Court does not find that Plaintiff's increased demand at the settlement conference warrants sanctions for her non-appearance in person.

As to the February 26, 2016 settlement conference, there is no dispute that Plaintiff and Plaintiff's counsel failed to appear. Plaintiff proffers a number of reasons for the failure.

---

[2] Defendants have filed a motion for reconsideration that is currently pending before the District Court. (See Motion for Reconsideration [D.I. 97].)

5

First, by letter dated February 26, 2016, Plaintiff's counsel characterized his failure to appear as "my calendaring error." (Exhibit I [D.I. 79-3], 25 on the docket.) By letter dated February 29, 2016, Plaintiff's counsel states that:

> [t]here is only one reason for not being present – and that is my error.
>
> Right after I received the absolutely mortifying phone call from chambers, I searched my computer's email for all emails transmitted by ECF/CM regarding this case. I found the crucial email, marked unread, in the trash folder. I have no idea how, but I managed to unintentionally discard the email without reading it. Ms. Barton is entirely blameless in this incident. I planned to inform her when I became aware of the date and time of the [c]onference.

(Exhibit J [D.I. 79-3], 27 on the docket.)

The Court finds that the reason proffered by Plaintiff's counsel does not "substantially justify" his failure to attend the second conference, nor does the Court find any other reason that would make an award of expenses unjust.[3] See Tracinda Corp., 502

---

[3] Plaintiff argues Presidential Lake Fire & Rescue Squad, Inc. v. Doherty, No. 12-5621, 2014 WL 318330 (D.N.J. Jan. 29, 2014) and Grant v. Omni Health Care Sys. of N.J., Inc., 08-306, 2009 WL 3151322 (D.N.J. Sept. 24, 2009) constitute persuasive support for the Court to deny sanctions. Neither case, however, is on point. In Presidential Lake, the defendants sought sanctions pursuant to Federal Rule of Civil Procedure 11. See 2014 WL 318330, at *1. In Grant, the district court conducted a thorough analysis of the Poulis factors to determine whether dismissal of the matter was appropriate. 2009 WL 3151322, at *13-18. Ultimately, the Grant court concluded that while "dismissal [was] the appropriate sanction," that it would "refrain from imposing the most severe sanction of dismissal." Id. at 18. The Grant court concluded that

F.3d at 242 (noting that "no express requirement of intent or negligence exists in the language of Rule 16(f)"); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (finding the district court did not abuse discretion in imposing sanctions under Rule 16(f) for counsel's failure to attend a hearing where counsel failed to appear because the date of conference "slipped by him"); see also Mobley v. Mayo Clinic Rochester, No. 14-2052, 2016 WL 2909714, at *3 (D. Ariz. May 18, 2016) (noting that "[s]anctions may be imposed even when the disobedience of a settlement conference order is unintentional"); see also MHD-Rockland Inc. v. Aerospace Distribs. Inc., 102 F. Supp. 3d 734, 738-40 (D. Md. 2015) (awarding the defendant reasonable fees and costs incurred in preparing for a settlement conference where the plaintiff's counsel had "on a federal holiday two days before a scheduled settlement conference, . . . sent the Magistrate Judge an email purporting to unilaterally cancel the conference" even though the plaintiff's counsel "ha[d] not engaged in a pattern of similarly unacceptable behavior"); see also Miller v. UNUM Li[f]e Ins. Co. of Am., No. 05-177, 2006 WL 3000962, at *1-2 (E.D. Pa. Oct. 19, 2006) (imposing sanctions for counsel's negligent failure

---

counsel's "pattern of noncompliance . . . was not 'substantially justified' and that no 'other circumstances make an award of expenses unjust'" and required plaintiff's counsel to pay defendants' reasonable attorney's fees and expenses in connection with counsel's failure to comply with the court's orders. Id.

to attend a settlement conference, even without finding bad faith). Therefore, Defendants' motion for attorneys' fees associated with Plaintiff's counsel's failure to attend the second conference is granted. Defendants shall be entitled to the reasonable time incurred by defense counsel[4] in attending the second settlement conference with the Court. The Court shall not, however, award Defendants the costs incurred in preparing for the second settlement conference as the Court conducted a third settlement conference, and therefore, the effort expended for the second settlement conference alleviated the time necessary to prepare for the third settlement conference.[5] See Mobley, 2016 WL 2909714, at *4 (imposing attorneys' fees and costs for the plaintiff's failure to attend a settlement conference, but not assessing the plaintiff with defense counsel's "time to prepare for the conference, because the conference ultimately took place . . . and therefore such preparation time was not entirely wasted"). The Court shall also award reasonable attorneys' fees for the preparation of the motion and attendance at oral argument, however such an award will reflect

---

[4] At oral argument, defense counsel stated that he would not seek fees for Ms. Bin's time in attending, but would seek an award for Mr. Ash and Mr. Meklinsky's attendance. In response to Defendants' fee application, Plaintiff may address whether any such fees are reasonable.

[5] The third settlement conference was held on July 11, 2016. At that time, part of the remaining issues resolved. (See Letter from Jonathan D. Ash [D.I. 90].)

8

that Defendants' motion was partially successful.[6]  Consequently, for the reasons set forth and for good cause shown:

    IT IS on this 26th day of August 2016,

    **ORDERED** that Defendants' motion for sanctions [D.I. 79] shall be, and is hereby, **DENIED IN PART** and **GRANTED IN PART**; and it is further

    **ORDERED** that Defendants' motion is **DENIED** to the extent Defendants seek reasonable attorneys' fees and expenses incurred in connection with attendance at the February 19, 2016 settlement conference; and it is further

    **ORDERED** that Defendants' motion is **GRANTED** to the extent Defendants seek reasonable attorneys' fees and expenses incurred in connection with attendance at the February 26, 2016 settlement conference and with respect to preparing the motion for sanctions and attending the motion hearing on the motion for sanctions; and it is further

    **ORDERED** that defense counsel shall, by **September 12, 2016**, file an affidavit of reasonable attorneys' fees and costs incurred in connection with their attendance only at the February 26, 2016 settlement conference and in connection with the motion for sanctions; and it is further

---

[6] Plaintiff's counsel acknowledged at oral argument that should the Court grant Defendants' motion, Plaintiff's counsel would be responsible for any award.

**ORDERED** that Plaintiff's counsel shall, by **September 26, 2016**, file any opposition to the reasonableness of the requested costs and fees.

s/ Ann Marie Donio<br>
ANN MARIE DONIO<br>
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Renée Marie Bumb