<u>NOT FOR PUBLICATION</u>                    [Docket No. 97, 105]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| PAULINE BARTON,<br><br>    Plaintiff,<br><br>      v.<br><br>MID-ATLANTIC FLOORING VENTURES<br>INC. d/b/a PROSOURCE OF SOUTH<br>JERSEY AND PROSOURCE OF RARITAN<br>CENTER, et al.,<br><br>    Defendants. | Civil No. 13-4592 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

Robert J. Hagerty, Esq.
Hagerty & Bland-Tull Law LLC
714 East Main Street, Suite 2C
Moorestown, NJ 08057
    *Attorney for Plaintiff Pauline Barton*

Ian D. Meklinsky, Esq.
Jonathan David Ash, Esq.
Fox Rothschild LLP
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648
    *Attorneys for Defendants Mid-Atlantic Flooring*
    *Ventures Inc., Aaron Bailey, and Mark Grossman*

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the Motion for

Reconsideration by Defendants Mid-Atlantic Flooring Ventures

Inc., Aaron Bailey, and Mark Grossman (collectively, the

"Defendants") [Docket No. 97], seeking reconsideration of this Court's August 1, 2016 Opinion and Order denying Defendants' motion to enforce a settlement [Docket Nos. 95, 96], and the Appeal of Magistrate Judge Donio's August 26, 2016 Order by Plaintiff Pauline Barton ("Plaintiff") [Docket No. 105].  For the reasons set forth herein, Defendants' Motion for Reconsideration and Plaintiff's Appeal of Magistrate Judge Donio's August 26, 2016 Order are denied.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts of this suit are recited in detail in this Court's three previous Opinions [Docket Nos. 42, 56, 95]. The Court's August 1, 2016 Opinion [Docket No. 95], which denied Defendants' motion to enforce a settlement insofar as it did not contain an agreed-upon general release, is the subject of the instant Motion for Reconsideration.  The Court incorporates the facts as set forth in its three previous Opinions by reference and simply reiterates that "it is regrettable that the parties did not reach a meeting of the minds," as "it seems there is no end in sight to the abject animosity between the parties and their counsel."  August 1, 2016 Opinion at 13 [Docket No. 95].

Most relevant to the Motion for Reconsideration, in the August 1, 2016 Opinion, this Court found that the parties had

not reached a meeting of the minds as to all material settlement

terms.  The Court reasoned as follows:

> The Court rules that Defendants' motion should be
> denied because the parties did not reach a meeting of
> the minds as to a material settlement term, the
> general release.  The record shows that a common
> understanding and mutual assent to the general release
> was lacking.  Both parties rely heavily on
> Mr. Hagerty's June 22, 2015 e-mail response, but each
> came to different conclusions.  Defendants construe
> the e-mail as Plaintiff's acceptance of a full general
> release.  Plaintiff, however, states that she was
> willing to agree to the "full release suggested by
> Judge Donio."  As set forth in Mr. Hagerty's prior
> e-mail of March 12, 2015, it was Plaintiff's position
> that a general release was <u>not</u> discussed at the
> conference before Judge Donio.  Certainly, Mr. Hagerty
> could have been more forthright in his response.  Yet,
> it is clear to any observer that the acrimony between
> the parties had trumped any hope of that.
>
> Moreover, Mr. Hagerty clarified – or reiterated,
> according to him – his position two days later that
> Plaintiff had "not accepted [Defendants'] last redline
> version," which contained the general release. . . .
>
> Furthermore, the e-mail exchanges indicate that each
> side was posturing.  For example, Mr. Meklinsky's
> June 24 e-mail referred to a possible withdrawal of a
> proposal.  And, as noted, Mr. Hagerty's response was
> less than clear.

<u>Id.</u>

Defendants timely moved for reconsideration pursuant to

Local Civil Rule 7.1(i), arguing that the Court overlooked the

May 5, 2015 settlement conference with Magistrate Judge Donio

and the June 1, 2015 e-mail from Defendants' counsel to

Plaintiff's counsel.  Defendants also contend that this Court

should consider "new" evidence that came to light after the oral

argument on the motion to enforce a settlement, but well before the Court issued its Opinion.  Finally, Defendants urge the Court to reconsider its decision to prevent manifest injustice.

On August 26, 2016, Magistrate Judge Donio issued an Order denying, in part, and granting, in part, Defendants' motion for sanctions and attorneys' fees [Docket No. 101].  The following facts are relevant to the resolution of Plaintiff's appeal of the August 26, 2016 Order.

On February 19, 2016, Magistrate Judge Donio held a settlement conference.  Defendants' counsel and Plaintiff's counsel appeared in person, while Plaintiff was granted leave to and did, in fact, appear by telephone.  At this conference, Magistrate Judge Donio determined that it was necessary for Plaintiff to appear in person and informed counsel that she would reconvene the parties for a continued settlement conference.  That same day, Magistrate Judge Donio issued a Text Order, which read, in relevant part: "The Court shall RECONVENE the Settlement Conference on 2/26/2016 at 2:00 PM before Magistrate Judge Ann Marie Donio.  Plaintiff Pauline Barton shall appear in person."  [Docket No. 77].

On February 26, 2016, Plaintiff's counsel and Plaintiff failed to appear at the scheduled settlement conference. Magistrate Judge Donio issued an Order directing Plaintiff's counsel to submit a letter indicating the reasons for failing to

appear [Docket No. 78].  That day, Mr. Hagerty faxed a letter to Magistrate Judge Donio, which reads in its entirety: "Dear Judge Donio: I apologize deeply and profusely to the court and counsel for my calendaring error of today." [Ex. I, Docket No. 79-3]. Three days later, Mr. Hagerty sent another letter to Magistrate Judge Donio, explaining that he "found the crucial email [notifying him of the Text Order scheduling the February 26, 2016 conference], marked unread, in the trash folder." [Ex. J, Docket No. 79-3].  He continued: "I have no idea how, but I managed to unintentionally discard the email without reading it."  Id.

Days later, on March 2, 2016, Defendants moved for sanctions and attorneys' fees associated with both settlement conferences [Docket No. 79].  Magistrate Judge Donio denied the motion as it related to the February 19, 2016 settlement conference.  However, Magistrate Judge Donio granted Defendants' motion as it related to the February 26, 2016 settlement conference and imposed sanctions, pursuant to Federal Rule of Civil Procedure 16(f), in the form of reasonable attorneys' fees and expenses incurred in connection with attendance at the February 26, 2016 settlement conference, preparation of the motion for sanctions, and attendance at the hearing on the motion for sanctions [Docket No. 101].  Plaintiff timely appealed that decision.

## II.   MOTION FOR RECONSIDERATION

### A. <u>Legal Standard</u>

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  <u>Bembry-Muhammad v. Greenberg</u>, 2016 WL 6246345, at *1 (D.N.J. Oct. 24, 2016).  "The scope of a motion for reconsideration . . . is extremely limited."  <u>Blystone v. Horn</u>, 664 F.3d 397, 415 (3d Cir. 2011); <u>accord Bembry-Muhammad</u>, 2016 WL 6246345, at *1 (noting that a motion for reconsideration is "an extremely limited procedural vehicle.").

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'"  <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (quoting <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999)).  If a party establishes one of the following grounds, a judgment may be altered or amended on reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued the subject order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  <u>Max's Seafood</u>, 17 F.3d at 677 (citing <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Importantly, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Panarello v. City of Vineland, 2016 WL 3638108, at *4 (D.N.J. July 7, 2016) (quoting Facteon, Inc. v. Comp Care Partners, LLC, 2015 WL 519414, at *1 (D.N.J. Feb. 9, 2015)). Accordingly, a motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Adams v. Republic Servs., Inc., 2014 WL 5797800, at *1 (D.N.J. Nov. 7, 2014) (quoting NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996)). "Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (collecting cases).

## B. **Analysis**

Defendants argue that reconsideration is necessary for three reasons. The Court will address each of Defendants' arguments in turn.

### i. Error of Fact

First, Defendants contend that this Court overlooked critical evidence, which, if properly considered, may have resulted in a different outcome.  Defendants identify a May 5, 2015 settlement conference with Magistrate Judge Donio, at which a general release was discussed, and a June 1, 2015 e-mail from Mr. Meklinsky, Defendants' counsel, to Mr. Hagerty, Plaintiff's counsel.

In its August 1, 2016 Opinion, the Court discussed the May 5, 2015 settlement conference, noting that:

> At the second conference, Plaintiff explained that she could not agree to the general release because she believed that she had an additional claim against Defendant for tortious interference[.] . . . Because the parties could not agree on the scope of the release, which is a material term, no settlement was reached at the conference.

August 1, 2016 Opinion at 3-4.  The Court also addressed Mr. Meklinsky's June 1, 2015 e-mail attaching an affidavit from Plaintiff's subsequent employer, which, in Defendants' view, defeated the viability of any tortious interference claim. See id. at 4.

What occurred after the May 5, 2015 settlement conference and the June 1, 2015 e-mail, however, is crucial.  As described more fully in the August 1, 2016 Opinion, Mr. Hagerty responded to Mr. Meklinsky on June 22, 2015, stating that as a result of Mr. Meklinsky's e-mail and the subsequent employer's affidavit,

Plaintiff was left with "no choice but to accede to the full release suggested by Judge Donio, on the terms suggested by Judge Donio." <u>Id.</u> at 4-5 (citing Ex. I [Docket No. 60-3]).  As the Court previously found, "the settlement discussions quickly deteriorated, to put it mildly." <u>Id.</u> at 5.  The subsequent correspondence between counsel demonstrates that there was no meeting of the minds at that time.

Two days later, Mr. Hagerty wrote: "To be clear, you have rejected my <u>proposal</u> of preparing an agreement consistent with Judge Donio's suggestions, and we have not accepted your last redline version."  Ex. J. at 2 [Docket No. 60-3] (emphasis added).  Later that day, Mr. Meklinsky responded: "your condescending tone and attitude is only encouraging us to <u>withdraw our proposal to wrap this up</u> and leave you and your client with a patently frivolous claim and the right to appeal what will surely be the denial of your application. . . . <u>It's a take it or leave it proposition</u>. . . . we still reserve the right . . . to <u>withdraw this offer of settlement</u>." <u>Id.</u> at 1 (emphasis added).  Then, on June 26, 2015, Mr. Meklinsky explained that "Ms. Barton has 21 calendar days to <u>consider</u> this agreement and then seven days to <u>revoke</u>." Ex. L at 1 [Docket No. 60-4] (emphasis added).

While the parties may have been approaching a settlement, no settlement had yet been reached as there was no meeting of

the minds.  For example, Defendants continued to state that they could withdraw their _offer_ of settlement.  Yet, if Plaintiff had already accepted their offer, as Defendants now contend, Defendants could not have withdrawn it.  Clearly, there was no meeting of the minds.  Accordingly, reconsideration on this ground is not appropriate, given that the Court considered the May 5, 2015 settlement conference and the June 1, 2015 e-mail in its August 1, 2016 Opinion and because further consideration of the record supports the Court's original determination.

### ii. New Evidence

Defendants next argue that new evidence emerged after the briefing and oral argument on the motion to enforce a settlement were complete.  This purportedly new evidence is Mr. Hagerty's alleged admission during the February 19, 2016 settlement conference before Magistrate Judge Donio that the matter had settled on June 22, 2015 when Plaintiff agreed to a general release in exchange for $1,000.  Naturally, Mr. Hagerty vigorously contests this account.  In support of this evidence, Defendants submit the certifications of three members of their legal team: Jonathan D. Ash, Esq. [Docket No. 97-2], Ian D. Meklinsky, Esq. [Docket No. 107-1], and Rachelle M. Bin, Esq. [Docket No. 107-2], as well as Ms. Bin's notes taken during the February 19, 2016 settlement conference [Docket No. 107-2, Ex. A].  Defendants also make the serious accusation that

10

Mr. Hagerty has now lied in his sworn certification by denying that such an admission was ever made. Defs. Reconsideration Reply Br. at 1 [Docket No. 107].

The Court is extremely troubled by the accusations made by Defendants' counsel against Plaintiff's counsel. The alleged lack of candor both as to Plaintiff's state of mind on June 22, 2015 and in Mr. Hagerty's certification is most disturbing. Unfortunately, however, the Court is not entirely surprised.

Regardless of how troubling this alleged evidence may be, the Court finds that reconsideration is not appropriate. First, this evidence is not "new" evidence, as required to warrant reconsideration. Defendants argue that Mr. Hagerty's alleged admission is new evidence that should now be considered on reconsideration because it "arose months after the hearing on the Motion to Enforce [and] could not have been known at that time." Defs. Reconsideration Reply Br. at 7-8. Defendants contend that the new evidence must have been unavailable or unknown at the time of the original hearing, relying upon DeLong Corp. v. Raymond International, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), and Damiano v. Sony Music Entertainment, Inc., 975 F. Supp. 623, 636 (D.N.J. 1996).

That, however, is a misstatement of the law. Recent Third Circuit precedent establishes that reconsideration may be appropriate in light of the availability of new evidence that

was not available when the court ruled upon the underlying motion.  See, e.g., Cauler v. Lehigh Valley Hosp., Inc., --- F. App'x ---, 2016 WL 3383987, at *2 (3d Cir. June 20, 2016) (quoting Max's Seafood, 176 F.3d at 677) (reconsideration may be appropriate if there is "new evidence that was not available when the court granted the motion"); Allaham v. Naddaf, 635 F. App'x 32, 35 (3d Cir. 2015) (same); Van Tassel v. Piccione, 608 F. App'x 66, 70 (3d Cir. 2015) (same); U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (same); see also Schock v. Baker, --- F. App'x ---, 2016 WL 6276048, at *3 (3d Cir. Oct. 27, 2016) (citing Blystone, 664 F.3d at 415) ("'New' evidence is evidence that could not have been submitted to the court earlier because it was not previously available, not merely evidence submitted following an adverse court ruling."); OR v. Hutner, 576 F. App'x 106, 110 (3d Cir. 2014) ("Appellants did not show that the evidence that they submitted in support of their motion for reconsideration was new evidence that was not available when the District Court ruled on the underlying motions to set aside the judgment and take discovery.").

It appears that any evidence that arose during the February 19, 2016 settlement conference was available and could have been specifically brought to this Court's attention prior to its August 1, 2016 ruling.  Defendants identify seven instances in

which they raised Mr. Hagerty's alleged admission, four of which occurred after this Court had already ruled on the motion to enforce a settlement. Defs. Reconsideration Reply Br. at 4. The other three were passing references in communications with and documents submitted to Magistrate Judge Donio, not this Court. This Court declines to reconsider its August 1, 2016 Opinion in light of this purported evidence.

Second, even if Mr. Hagerty did in fact state at the February 19, 2016 settlement conference that Plaintiff had agreed in June 2015 to take $1,000 in exchange for a general release, as Defendants aver, this would not have changed the Court's decision. Evidence that, in February 2016, Mr. Hagerty purportedly clarified his client's state of mind from several months prior has little to no bearing on whether there was a meeting of the minds between the parties in June 2015. The correspondence between the parties after Mr. Hagerty's June 22, 2015 e-mail clearly indicates, for the reasons set forth more fully above and in the Court's August 1, 2016 Opinion, that there was no such meeting of the minds. Mr. Hagerty's June 22, 2015 e-mail functioned merely to renew the parties' settlement discussions, which rapidly and regrettably deteriorated once again.

The Court reiterates that "[t]he scope of a motion for reconsideration . . . is extremely limited." Blystone, 664 F.3d

at 415.  Accordingly, the Court will not reconsider its previous
decision based upon disputed evidence that could have been
raised by the Defendants prior to its ruling and which, in any
case, would not have resulted in a different outcome.

### iii. Manifest Injustice

Finally, Defendants argue that reconsideration is necessary
to prevent a manifest injustice, given that Plaintiff has now
filed a state court action related to the tortious interference
claim that would have been released had a meeting of the minds
occurred and had the Court granted Defendants' motion to enforce
a settlement.

In this context, the term "manifest injustice" "means that
the Court overlooked some dispositive factual or legal matter
that was presented to it." Rose v. Alternative Ins. Works, LLC,
2007 WL 2533894, at *1 (D.N.J. Aug. 31, 2007).  This definition,
therefore, overlaps "with the prime basis for reconsideration,
articulated in Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909
(3d Cir. 1985), that is, the need 'to correct manifest errors of
law or fact upon which the judgment was based.'" Skladany v.
Provanzano, 2012 WL 5989380, at *2 n. 2 (D.N.J. Nov. 28, 2012).
The term "manifest injustice" may also be defined as it is in
Black's Law Dictionary: "an error in the trial court that is
direct, obvious, and observable." Tenn. Prot. & Advocacy, Inc.
v. Wells, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law

14

Dictionary 974 (7th ed. 1999)).  Accordingly, most courts "use
the term 'manifest injustice' to describe the result of a plain
error."  Brown v. Zickefoose, 2011 WL 5007829, at *2 (D.N.J.
Oct. 18, 2011) (quoting Douglass v. United Servs. Auto. Ass'n,
79 F.3d 1415, 1425 (5th Cir. 1996)).

The Court considers Plaintiff's decision to proceed in
state court with her tortious interference claim, in spite of
the submission of her subsequent employer's affidavit that
clearly and unambiguously refutes Plaintiff's allegations,
baffling and disconcerting, to say the least.  Considered in a
vacuum, it appears to be manifestly unjust.  This troubling
conduct, however, is for the state court judge to address.  This
Court cannot and will not enforce a settlement that was not
reached in order to prevent Plaintiff from pursuing apparently
frivolous claims against the Defendants in state court.  The
Court did not overlook any dispositive factual or legal matters
or any newly discovered evidence in its August 1, 2016 Opinion,
and the Defendants have not identified any plain error in the
Court's decision.  Accordingly, the Court finds that Defendants
have not demonstrated any manifest injustice warranting
reconsideration.

## III. APPEAL OF MAGISTRATE JUDGE DONIO'S AUGUST 26, 2016 ORDER

### A. Legal Standard

This Court has appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and District of New Jersey Local Civil Rule 72.1(c). Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review: (1) a "clearly erroneous or contrary to law" standard for non-dispositive matters, and (2) a de novo standard for dispositive matters. Nat'l Labor Relations Bd. v Frazier, 966 F.2d 812, 816 (3d Cir. 1992). An order awarding sanctions is considered a non-dispositive matter, McCann v. Kennedy Univ. Hosp., Inc., 596 F. App'x 140, 146 (3d Cir. 2014), and "is reviewed for abuse of discretion." Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 237 (3d Cir. 2007) (citing Saldana v. Kmart Corp., 260 F.3d 228, 236 (3d Cir. 2001)).

A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). Additionally, "[a]n abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when

16

applying the law to the facts of the case." Tracinda, 502 F.3d
at 240 (quoting SEC v. Infinity Group Co., 212 F.3d 180, 195 (3d
Cir. 2000)).  "A court abuses its discretion if its decision to
impose sanctions is based upon an incorrect legal standard or
clearly erroneous factual findings." Id. (citing Bowers v.
Nat'l Coll. Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007)).
"A ruling is 'contrary to law' when the magistrate judge has
misinterpreted or misapplied the applicable law." Romero v.
Ahsan, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015) (citing
Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F.
Supp. 2d 761, 764 (D.N.J. 2000)).

As the party filing the appeal, the Plaintiff bears the
burden of demonstrating that Magistrate Judge Donio's decision
was clearly erroneous, an abuse of discretion, or contrary to
law. Supernus Pharm., Inc. v. Actavis, Inc., 2014 WL 654594,
at *1 (D.N.J. Feb. 20, 2014) (citing Montana v. Cty. Of Cape May
Bd. of Freeholders, 2013 WL 5724486, at *1 (D.N.J. Oct. 18,
2013)).  "Unless that burden is met, the magistrate judge's
findings should not be rejected even if the district court could
have decided the matter differently." Evans v. Employee Ben.
Plan, 2007 WL 77325, at *1 (D.N.J. Jan. 8, 2007) (citing Andrews
v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000)
("A district judge's simple disagreement with the magistrate
judge's findings is insufficient to meet the clearly erroneous

standard of review."); <u>Toth v. Alice Pearl, Inc.</u>, 158 F.R.D. 47, 50 (D.N.J. 1994)).

### B. **Analysis**

"Federal Rules of Civil Procedure 16(a) through (e) set forth standards for pretrial conferences, case management, and scheduling orders.  Rule 16(f) . . . authorizes sanctions for violation of pretrial orders issued pursuant to this Rule." <u>Tracinda</u>, 502 F.3d at 241.  Sanctions under Rule 16(f) may be imposed based upon the misconduct of either a party or her attorney.

Specifically, Rule 16(f)(1) provides:

[o]n a motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(ii)-(vii), if a party or its attorney:

(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or

(C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1).  Moreover, under Rule 16(f)(2),

[i]nstead of or in addition to any other sanction, the court <u>must</u> order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, <u>unless</u> the noncompliance was substantially

> justified or other circumstances make an award of
> expenses unjust.

Fed. R. Civ. P. 16(f)(2) (emphasis added).

"As the plain language of Rule 16(f) indicates, monetary
sanctions for noncompliance with Rule 16 pretrial orders are
required and appropriate absent a showing that the violation was
'substantially justified' or the award of expenses is 'unjust'
under the circumstances of the case." Tracinda, 502 F.3d at
241. The Third Circuit has explained that "[s]ubstantial
justification exists where there is a 'genuine dispute
concerning compliance.'" Rorrer v. Cleveland Steel Container,
564 F. App'x 642, 644 (3d Cir. 2014) (quoting Tracinda, 502 F.3d
at 241). Additionally, in determining whether the imposition of
sanctions is unjust, courts should "consider[] the degree of the
sanction in light of the severity of the transgression which
brought about the failure to [comply]." Id. (internal citations
omitted); accord Tracinda, 502 F.3d at 242 ("the standard we
find relevant in defining 'unjust' is the contrast between the
nature of the violation of Rule 16 and the impact on the parties
caused by the delay."). "Although a finding of bad faith is
generally required for a court to impose sanctions pursuant to
its inherent authority, no express requirement of intent or
negligence exists in the language of Rule 16(f)." Tracinda, 502
F.3d at 242 (noting that "'[u]njust can be variously defined as

'unfair,' 'unreasonable,' 'inequitable,' or 'harsh.' These definitions do not, in and of themselves, contain a requirement of intent or negligence.").

Magistrate Judge Donio found that Mr. Hagerty's excuses did not substantially justify his failure to appear at the February 26, 2016 settlement conference and that no other reasons would make an award of expenses for his noncompliance unjust. August 26, 2016 Order at 6 [Docket No. 101]. Accordingly, Magistrate Judge Donio awarded reasonable expenses against Mr. Hagerty for failure to appear at the Court-ordered conference, pursuant to Rule 16(f)(2), which mandates such an award absent a finding that the award would be unjust or the noncompliance was substantially justified.

Plaintiff now argues that Magistrate Judge Donio's decision should be overturned as an abuse of discretion and contrary to law because Mr. Hagerty's failure to appear at the conference was the result of "nothing more than a mistake." Pl. Appeal Br. at 11 [Docket No. 105-1]. Specifically, Plaintiff contends that "it would be unjust to sanction Plaintiff's counsel for an unfortunate technological flaw which lead to his failure to appear for the conference." Id. at 13-14. Then, without support, Plaintiff claims that "[s]anctions are only warranted for a party or an attorney who establishes a blatant disrespect and disregard for the court as evidenced through multiple

20

instances of failures to comply with court's orders."

Id. at 14.

Plaintiff's argument fails.  As previously stated, Rule
16(f) does not require a finding of intent or even negligence
before awarding reasonable expenses against a noncompliant party
or attorney.  Tracinda, 502 F.3d at 242.[1]  In addition, the cases
relied upon by Plaintiff are distinguishable.  Plaintiff largely
relies upon two opinions previously issued by this Court:
Presidential Lake Fire & Rescue Squad, Inc. v. Doherty, 2014 WL
318330 (D.N.J. Jan. 29, 2014) and Grant v. Omni Health Care Sys.
of NJ, Inc., 2009 WL 3151322 (D.N.J. Sept. 24, 2009), aff'd 427
F. App'x 156 (3d Cir. 2011).

As a preliminary matter, both decisions were considered and
distinguished by Magistrate Judge Donio.  See August 26, 2016
Order at 6 n. 3.  In any case, nothing in these opinions
indicates that Magistrate Judge Donio's decision was an abuse of

_____

[1] Plaintiff attempts to distinguish Tracinda from the case
at bar, stating that "the circumstances here are markedly
different from those in Tracinda.  Here, the email error was
unknown to plaintiff's counsel, and there was absolutely no
intent to disregard this Court.  In contrast, production of
relevant documents on the last day of a complex trial implies
that the attorney in Tracinda knew exactly what he or she was
doing."  Pl. Appeal Br. at 15.  This, too, misses the point.  As
a preliminary matter, as Magistrate Judge Donio and this Court
have explained, the Tracinda court specifically held that
expenses may be awarded pursuant to Rule 16(f) in the absence of
intent or negligence.  502 F.3d at 242.  Moreover, the Tracinda
court imposed significant expenses on the noncompliant attorneys
even absent a finding of negligence on their part.  Id. 242-43.

discretion or contrary to law.  Indeed, Doherty does not even address sanctions under Rule 16(f).  Rather, the decision only addressed the propriety of sanctions pursuant to Rule 11. Rule 11 "is intended to redress abusive litigation practices," Doherty, 2014 WL 318330, at *2 (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)), whereas "[t]he purpose of sanctions authorized by Rule 16(f) is to prevent the undue delay in disposing of cases."  Smith ex rel. El Ali v. Altegra Credit Co., 2004 WL 2399773, at *4 (E.D. Pa. Sept. 22, 2004); accord Newton v. A.C. & S., Inc., 918 F.2d 1121, 1126 (3d Cir. 1990) ("The intent and spirit of Rule 16 is to allow courts to actively manage the timetable of case preparation so as to expedite the speedy disposition of cases.  Thus, the imposition of sanctions for failure to comply with a settlement schedule is entirely consistent with the purpose of Rule 16."); see also Tracinda, 502 F.3d at 242-43 (rejecting defendant's argument "that the purpose of Rule 16(f) is to punish and deter egregious misconduct, not innocent mistakes.").  This Court agrees with Magistrate Judge Donio that the Doherty opinion is entirely inapposite to the case at bar.[2]

In Grant, this Court imposed monetary sanctions pursuant to Rule 16(f) upon an attorney who had repeatedly and flagrantly

_____

[2] Plaintiff claims that "[t]he lesson of this case appears to be that this Court is amenable to forgiving a failure to

failed to comply with Court Orders.  See Grant, 2009 WL 3151322, at *1-12.[3]  Plaintiff argues that Mr. Hagerty's "email glitch in this matter should be excused by the Court *in this instance*, as it is a problem that could happen to anyone at least once," whereas, in Grant, "counsel's sanctionable conduct was composed of multiple offenses."  Pl. Appeal Br. at 18 (emphasis in original).  Plaintiff unsuccessfully made this exact argument before Magistrate Judge Donio.  It fares no better before this Court.  Sanctions pursuant to Rule 16(f) are not limited to the fact pattern set forth in Grant.  Magistrate Judge Donio considered Plaintiff's arguments, as well as this Court's decision in Grant, and exercised her discretion appropriately in awarding sanctions in the form of reasonable attorney's fees.  Nothing in Grant supports Plaintiff's contention that Magistrate

---

appear at a settlement conference when there is no pattern of noncompliance (as is the case here) nor inexcusable neglect." Pl. Appeal Br. at 17-18 (emphasis in original).  This argument is totally unavailing.  The Court reiterates that Doherty involved sanctions pursuant to Rule 11, not Rule 16(f), which is designed to punish and deter abusive litigation practices. Additionally, even if this Court would have decided the matter different, which it likely would not have, "the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently," unless the findings are clearly erroneous or contrary to law.  Evans, 2007 WL 77325, at *1.

[3] Indeed, the conduct in Grant was so egregious that the question before this Court was not whether sanctions should be imposed, but rather what type of sanctions were appropriate.

Judge Donio's decision was an abuse of discretion or contrary to law.

The Court agrees with the Defendants: "Mr. Hagerty's unhappiness with [Magistrate Judge Donio's decision] does not provide grounds for an appeal." Defs. Appeal Opp. Br. at 4 [Docket No. 108]. Plaintiff, in essence, seeks de novo review of Magistrate Judge Donio's Order, which is inappropriate. Magistrate Judge Donio's Order imposing sanctions shall not be disturbed unless it is clearly erroneous, an abuse of discretion, or contrary to law. Frazier, 966 F.2d at 816; Evans, 2007 WL 77325, at *1. Magistrate Judge Donio thoroughly assessed counsel's conduct, including Mr. Hagerty's shifting excuses for his failure to appear, as well as the fact that she rescheduled the settlement conference so that Plaintiff could appear in person along with Mr. Hagerty. August 26, 2016 Order at 5-6. Ultimately, Magistrate Judge Donio exercised her discretion and determined that Mr. Hagerty's failure to appear was not substantially justified and that no circumstances existed that would make an award of expenses unjust. Id. at 6.

Plaintiff repeatedly argues that sanctions should not be imposed upon Mr. Hagerty for an "unfortunate error" or "honest mistake." See, e.g., Pl. Appeal Br. at 9, 18. Yet Rule 16(f) mandates the imposition of reasonable expenses, including attorney's fees, for noncompliance, unless the noncompliance is

24

substantially justified or the award of expenses would be
unjust.  Fed. R. Civ. P. 16(f).  The Court reiterates that "no
express requirement of intent or negligence exists in the
language of Rule 16(f)." Tracinda, 502 F.3d at 242.  Expenses
may be imposed under Rule 16(f) regardless of whether
Mr. Hagerty's failure to appear was the result of negligence or
an "honest mistake."[4]

Additionally, there is no dispute that Mr. Hagerty failed
to appear at the second settlement conference and, therefore,
did not comply with Magistrate Judge Donio's Order scheduling
that conference.  Under any standard of review, Mr. Hagerty's
noncompliance is not substantially justified.  Rorrer, 564
F. App'x at 644 ("Substantial justification exists where there
is a 'genuine dispute concerning compliance.'") (quoting
Tracinda, 502 F.3d at 241).  Moreover, Magistrate Judge Donio
narrowly tailored the award of expenses to those expenses
incurred in connection with attendance at the February 26, 2016

---

[4] In any event, simply because an error is inadvertent does
not mean that it should go unaddressed.  Additionally,
Plaintiff's repeated characterization of Mr. Hagerty's failure
to appear as an innocent and unfortunate technological error
that could have happened to anyone does not make it so.  It is
undisputed that Magistrate Judge Donio adjourned and rescheduled
the February 19, 2016 settlement conference so that Plaintiff
could appear in person at a later date.  Mr. Hagerty was on
notice that the settlement conference would be rescheduled and
yet still did not appear.

settlement conference, preparation of the partially-successful motion for sanctions, and attendance at the hearing on that motion.  Such a narrowly tailored award of expenses is not unjust.[5]  See Tracinda, 502 F.3d at 242 ("the standard we find relevant in defining 'unjust' is the contrast between the nature of the violation of Rule 16 and the impact on the parties caused by the delay.").  The Court finds that Magistrate Judge Donio properly exercised her discretion in finding that Mr. Hagerty's conduct and excuses for his failure to appear did not substantially justify his noncompliance and that no other circumstances existed that would make an award of reasonable expenses unjust.  Accordingly, Magistrate Judge Donio's August 26, 2016 Order is neither an abuse of discretion nor contrary to law and will not be disturbed.

---

[5] In the Reply Brief, Plaintiff contends that "[t]he mistake in awarding sanctions is best illustrated by defendants' affidavit of fees and costs, which seeks **$9,657.00** for an inadvertently missed settlement conference."  Pl. Appeal Reply Br. at 2 [Docket No. 114] (citing Defs. Affidavit of Reasonable Attorneys' Fees and Costs [Docket No. 106]).  The Court notes that Magistrate Judge Donio has not yet awarded a specific amount in attorney's fees and costs and the proper amount to be awarded is not before this Court.  Mr. Hagerty has had an opportunity to submit his objections to the Defendants' Affidavit of Fees, which will be addressed in due course by Magistrate Judge Donio.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration is denied.  Additionally, for the reasons set forth herein, Plaintiff's appeal of Magistrate Judge Donio's August 26, 2016 Order is denied and the August 26, 2016 Order is affirmed.  An appropriate Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2017